## THE STATE, *Appellant*, v. FANCHER.

1. **Criminal Law**: CONSTRUCTION OF STATUTE. Where a criminal statute forbids several things in the alternative, it is to be construed as creating but one offense; and an indictment may charge the defendant with the commission of all the acts, using the conjunction *and* where the statute uses the disjunctive *or*.

   This rule applied to an indictment under the statute against obtaining money under false pretenses. (R. S. 1879, § 1561.)

2. **Pleading, Criminal**: INDICTMENT FOR FALSE PRETENSES. An indictment under that statute charged that the money was obtained "by means and by use of a cheat and a fraud, and a false and fraudulent representation and false pretense, and a false and bogus check and instrument, with intent," &c.; *Held*, that it was not ob-

jectionable on the score of duplicity or multifariousness, or of the generality of the terms used.

3. **Constitutional Law**: PRISONER'S RIGHT TO KNOW NATURE AND CAUSE OF ACCUSATION : FALSE PRETENSES. The prisoner's constitutional right to be informed of the nature and cause of the accusation is sufficiently assured to him if the indictment preserves the substance of the offense. It is not necessary that it should descend to a minute detail of the facts and circumstances constituting the offense. On this principle the form of indictment for obtaining money by bogus checks, or other false pretenses, prescribed by section 1561, Revised Statutes 1879, is sufficient, and the section is constitutional.

*Appeal from Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

REVERSED.

*J. L. Smith*, Attorney-General, for the State.

*John W. Beeler* and *Tichenor & Warner*, for respondents, cited against the constitutionality of section 1561, Revised Statutes 1879, *Murphy v. State*, 24 Miss. 590; *Hewitt v. State*, 25 Texas 722.

SHERWOOD, C. J.—At the November term, 1879, of the criminal court of Jackson county, an indictment was found, charging that the defendants "on, &c., at, &c., did unlawfully and feloniously obtain of and from Robert Fisher and John T. Donnellan, then and there being, the sum of thirty dollars, in lawful money of the United States, duly and legally issued under and by virtue of the laws of the United States, of the value of thirty dollars, of the goods and chattels of the said Robert Fisher and John T. Donnellan, by means and by use of a cheat, and a fraud, and a false and fraudulent representation, and false pretense, and a false and bogus check and instrument, with the intent them, the said Robert Fisher and John T. Donnellan, then and there feloniously to cheat and defraud, contrary, &c., and against," &c.

To this indictment the defendants interposed a demurrer, assigning as reasons therefor, "that said indictment fails to inform defendants of the nature and cause of the accusation against them, or either of them, in this: That said indictment charges defendants, in general terms, with obtaining money by means of a cheat, a fraud, a false and fraudulent representation and pretense, and a false and bogus check and instrument, without stating any facts whatever to inform defendants, or either of them, in what the cheat, fraud, false and fraudulent representation and pretense, or the false and bogus check or instrument, consisted, and that several distinct acts and charges are imperfectly united in one count," &c. The demurrer was successful, and the State is here as appellant.

The indictment is framed upon section 1561, Revised Statutes 1879, which provides that: "Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any other person or persons, any money, property or valuable thing, whatever, by means or use of any trick or deception, or false and fraudulent representation or statement, or pretense, . * * or by means or by use of any false or bogus check, or by any other written or printed or engraved instrument" &c., &c., "shall be deemed guilty of a felony," &c., &c. The section in question further provides that : "In every indictment under this section, it shall be deemed and held a sufficient description of the offense to charge that the accused did, on——, unlawfully and feloniously obtain or attempt to obtain (as the case may be) from A. B., (here insert the name of the person defrauded) his or her money or property by means and by use of a cheat, or fraud, or trick, or deception, or false and fraudulent representation or statement or false pretense" &c., &c.

Mr. Bishop says: "Where, for instance, a statute forbids several things in the alternative, it is usually construed as creating but one offense ; and the indictment may charge the defendant with the commis-

1. CRIMINAL LAW: construction of statute.

The State v. Fancher.

sion of all the acts, using the conjunction *and* where the statute uses the disjunctive *or*; or on the other hand, the indictment may contain but one or two of the things at the election of the pleader." 1 Bishop, Crim. Prac. § 191. In *Stevens v. Commonwealth*, 6 Met. 241, where the statute prescribed the punishment of "every person who shall buy, receive, or aid in the concealment of any stolen goods, knowing the same to have been stolen," it was held that there was but one offense mentioned by the statute, although that offense might be committed in one of three modes: by buying, receiving, or aiding in the conceal- ment of stolen goods. So in the present instance, the statute under consideration provides for the punishment of but one offense, though at the same time recognizing by the language employed that the offense might be perpe- trated in a variety of ways.

The gist of the offense is the obtaining of money or property, with intent to defraud; and therefore, however, 2. PLEADING, CRIM- varied the means, as recognized by the stat-
INAL: indictment
for false pretenses. ute, which the fraudulent intent may resort to, in order to accomplish and affectuate it's purpose, still that purpose when attained constitutes but one crime. Besides, a case may be very readily imagined, where the unlawful purpose would fail of its accomplishment but for the employment of all the deceptive measures at which the statute levels its denunciations; in which case it is quite obvious, that the indictment would of necessity, have to be drawn as in the one before us, or else the prosecution would fail at the trial; fail because of having split up and assigned to several counts, various acts that occurred in conjunction with each other, and were but parts of one and the same transaction. 1 Bishop, Crim. Prac., §193 and cases cited. For these reasons we do not regard the indictment as objectionable on the score of duplicity or multifariousness or of the generality of the terms in which its charging part is couched.

The chief point, however, of objection, which the de-

murrants make to the indictment is based on the alleged constitutional ground, that the indictment fails to inform them of the nature and cause of the accusation against them. The statute of Illinois (Laws 1867, pp. 88 and 89, §§ 1 and 2), both as to the offense charged and the sufficiency of the description of that offense, is substantially like our own, and in passing upon objections similar to those urged here, Breese, C. J., speaking for the court, observed: "The accusation is sufficiently identified by the name of the victim. This name must appear in every indictment on this statute, and, appearing there, no second indictment for the same offense could be successfully prosecuted. The conviction on this indictment could always be pleaded in bar of a second. We are of opinion that the offense is so set forth in the indictment that the accused can be at no loss to know what it is with which he is charged, and can so prepare his defense, that he cannot be tried again for the same offense, it being so distinctly specified in this indictment as to enable him, if again charged with the same offense, to plead this judgment in bar." *Morton v. People*, 47 Ill. 468.

In Nevada, it is held that an indictment is sufficient in pursuing the prescribed statutory form in the description of an offense, if the substance be preserved; and that, subject to that condition, the power of the legislature as to the fashion and form of an indictment is plenary. *State v. O'Flaherty*, 7 Nev. 153. Mr. Justice Cooley holds the same view, saying in effect that legislative forms of indictments are sufficient, if furnishing reasonable information to the accused of the accusation preferred against him. Cooley's Const. Lim., 309, note.

In Mississippi, a statute provided "that it shall be sufficient, in an indictment for murder, to charge that the defendant did feloniously, willfully, and of malice aforethought, kill and murder the deceased," and an indictment drawn in this form was held not to infringe the constitutional rights of the defendant, Mr. Justice Handy, speaking

*Note (margin):* 3. CONSTITUTIONAL LAW: prisoner's right to know nature and cause of accusation: false pretenses.

for the court, saying, " we do not think that the means, mode or circumstances of the commission of the crime of murder, are necessarily embraced in ' the nature and cause of the accusation,' in the sense of the constitution. They are rather matters of evidence to establish the charge. The forms of proceeding, in which these particulars have been observed, have been established by long usage; but for the most part, they are but modes of proceeding, which the legislature has the undoubted power to change or modify." *Newcomb v. State*, 37 Miss. 383, 397. The same doctrine is held in other States. *Noles v. State*, 24 Ala. 672; *Cathcart v. Commonwealth*, 37 Pa. Stat. 108; *State v. Comstock*, 27 Vt. 553.

We do not think that when closely considered, the authorities cited for defendants enunciate a view at variance with the above cited authorities, and if they did, we should incline to adhere to those we have quoted from and cited; for we do not believe that it is at all necessary in order to inform the accused of the nature and cause of the accusation against him that an indictment which preserves the substance of the offense and pursues the form prescribed by the legislature, should, in order to its sufficiency, descend to a minute detail of facts and circumstances, which, during the progress of the trial, would be requisite to be proved. Entertaining these views, we shall reverse the judgment and remand the cause. All concur.