## THE STATE v. McCHESNEY, *Appellant*.

1. **Pleading, Criminal**: FALSE PRETENSES : INDICTMENT : REVISED STATUTES, SECTION 1561. An indictment under Revised Statutes, section 1561, for cheating and defrauding, which follows the form authorized by said section, must set out the name of the person defrauded, or attempted to be defrauded ; and where it is alleged that the intent was to cheat and defraud "certain persons, firms and corporations, then and there composing a voluntary association known as the 'Brewers' Association of St. Louis and East St. Louis,'" the indictment is, in this particular, fatally defective.

2. ——— : ——— : ——— : ———. Where the name of the person sought to be cheated or defrauded is unknown, the statutory form of indictment cannot be resorted to, but the indictment must be drawn according to the rules of the common law, and the trick and deception, or false and fraudulent representations, must be set forth

with particularity ; and the fact that the name of the party in-
tended to be cheated, or defrauded, is not known to the grand jury,
should be averred as a reason for not setting it forth.

*Appeal from the St. Louis Court of Appeals.*

REVERSED.

*L. B. Valliant* for appellant.

(1)  The indictment charges no crime.  It does not
sufficiently inform the defendant of the nature of the
offence of which he is accused.  It does not comply
with the rules of criminal pleading at common law, nor
with the requirements of section 1561, Revised Statutes.
*State v. Helm,* 6 Mo. 263; *State v. Ross,* 25 Mo. 426 ;
*State v. Evers,* 49 Mo. 542.  It is better, under the
statute, to state of what the false pretense, or trick, con-
sisted.  *State v. Porter,* 75 Mo. 171.  The statute ought
to be strictly construed.  To hold this indictment good
is to go contrary to every principle laid down in *State v.
Hayward,* 83 Mo. 299.  The indictment does not give
the name of the victim nor a description of the acts con-
stituting the offence.  If it were permitted in the use of
the statutory form of indictment (sec. 1561) to omit the
names of the persons attempted to be defrauded, on the
ground that they were unknown, then the indictment
should state that the names were unknown ; and that is
an issuable fact so important that, if untrue, the prose-
cution must fail at the trial.   Arch. Crim. Pl. and Pr.,
245, *et seq.;* Wharton's Am. Crim. Law [5 Ed.] secs.
250, 251 ; 1 Bish. Crim. Proc. [1 Ed.] sec. 297.  In all
the cases in which indictments have been held to be suf-
ficient under this statute, the names of the persons
alleged to have been defrauded, are given.  *Morton v.
People,* 47 Ill. 468 ; *State v. Fancher,* 71 Mo. 460 ; *State
v. Porter,* 75 Mo. 171 ; *State v. Norton,* 76 Mo. 180.

*B. G. Boone*, Attorney General, *Joseph G. Lodge*, *William H. Bliss* and *Henry T. Kent* for the state.

The indictment fully complies with the law and is good in every particular. *State v. Fancher*, 71 Mo. 460; *State v. Williams*, 77 Mo. 310. The failure to insert the names of the persons, firms and corporations composing "The Brewers' Association of St. Louis and East St. Louis," did not tend to prejudice the substantial rights of the defendant upon the merits. R. S., sec. 1821. Since the appellant, however, contends that the said alleged defect is material, the following decisions are cited on that point: *Rex v. Horne*, Cowp. 672; 1 Bish. Crim. Proc. 507. "Both the jury and the prisoner ought to know precisely what the charge is which the former have to investigate, and the latter has to meet." *Rex v. Jarrold*, Leigh & C. 301. The pleader is not held to such strict rules as to defeat the ends of justice. 1 Bish. Crim. Proc. 526; *Moyer v. Commonwealth*, 7 Barr, 439. The purpose of requiring the name, whether of the defendant or of a third person, is identification. 1 Bishop Crim. Proc. 677; 7 Iredell [Law] 27. In stating intent to defraud, it is sufficient to describe the party intended to be defrauded with reasonable certainty. 2 Russell on Crimes, 367. In *Lowell's case*, 2 East P. C. 990, sec. 60, the indictment alleged an intent to defraud Messrs. Drummond & Company, by the name of Mr. Drummond, Charing Cross, and the judge held it was not necessary to describe the party with more particularity; for, if any person could be intended by the words, who that person was, and whether he was the object of the meditated fraud, were matters for the consideration of the jury. *Noakes v. People*, 25 N. Y. 386; *Fisher v. State*, 40 N. J. Law. 169; *State v. Anderson*, 3 Richardson, 174; *Vandermark v. People*, 47 Ill. 122; *State v. Black*, 31 Tex. 560; *State v.*

*Seely*, 30 Ark. 162; *State v. Brite*, 73 N. C. 26; *Mead v. State*, 26 Ohio St. 508. Section 1821, Revised Statutes of Missouri, provides that no indictment shall be deemed invalid for "any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." In the case of *State v. Craighead*, 32 Mo. 561, which was an indictment for murder, the defendant was charged with an assault upon one Dunlop, and by the assault endangering the life of "said Craighead." The court held the variance a mere clerical error and sustained the indictment. See also *State v. Dalton*, 27 Mo. 13; *State v. Cox*, 32 Mo. 566; *State v. Duclos*, 35 Mo. 237; *State v. Barker*, 64 Mo. 282.

NORTON, J.—The defendant was tried in the criminal court of the city of St. Louis, on an indictment founded on section 1561, Revised Statutes, and was convicted. From the judgment of conviction he appealed to the St. Louis court of appeals, where it was affirmed, and from that judgment he appeals to this court.

The first question which the record presents for our determination, relates to the sufficiency of the indictment, the sufficiency of which was questioned in the trial court by a demurrer to it, which was overruled. Omitting the formal parts of the indictment, it is as follows : It charges that defendant, on the thirteenth of September, 1883, in the city of St. Louis, "did, with intent then and there to feloniously cheat and defraud, unlawfully and feloniously attempt to obtain from certain persons, firms and corporations, then and there composing a voluntary association known as the 'Brewers' Association of St. Louis and East St. Louis,' a more particular description of which said persons, firms and corporations, and of said association, is to the jurors aforesaid unknown, by means and by use of a certain trick and deception, and by means and by use of certain

false and fraudulent representations, statements, and pretenses, a large sum of money ; that is to say, the sum of two thousand dollars, then and there the money and property of said association, contrary," etc.

Testing this indictment by the rules of the common law, which prescribe the averments necessary to be made in an indictment it would unquestionably be insufficient. *State v. Evers*, 49 Mo . 542 ; *State v. Ross*, 25 Mo. 426|; *State v. Helm*, 6 Mo. 263. While this seems to be conceded by counsel, they nevertheless claim the indictment to be good and sufficient, by reason of section 1561, Revised Statutes, which is as follows :

"Section 1561. Every person, who, with intent to cheat and defraud, shall obtain, or attempt to obtain, from any other person or persons, any money, property or other valuable thing whatever, by means or by use of any trick or deception, or false and fraudulent representation or statement, or pretense, or by any other means, or instrument, or device, commonly called the 'confidence game,' or by means or by use of any false or bogus check, or by any other written or printed, or engraved instrument, or spurious coin, or metal, shall be deemed guilty of a felony, and, on conviction, be punished by imprisonment in the penitentiary not less than two years. In every indictment under this section it shall be deemed and held sufficient description of the offence to charge that the accused did, on ————, unlawfully and feloniously obtain, or attempt to obtain (as the case may be), from A. B. (here insert the name of the person defrauded), his or her money or property, by means and by use of a cheat, or fraud, or trick, or deception, or false or fraudulent representation, or false pretense, or confidence game, or false or bogus check, or instrument, or coin or metal, as the case may be, contrary to the form of the statutes," etc. In the case. of *State v. Fancher*, 71 Mo. 461, so much of the above quoted act as declared that an indictment drawn

in accordance with the prescribed form should be deemed a sufficient description of the offence, was assailed on the ground that it denied to the defendant the right to be informed "of the nature and cause of the accusation against him." In passing on the question thus raised, the constitutionality of the act was affirmed on the distinct ground, that in the form prescribed by the statute, the accusation is sufficiently identified by the name of the victim, and that the name must appear in every indictment on this statute, and, appearing there, no second indictment for the same offence could be successfully prosecuted. In this ruling the decision of the Supreme Court of Illinois, construing an Illinois statute like ours, was followed and approvingly quoted. *Morton v. People*, 47 Ill. 468. If, as held in these cases, the name of the victim, or person, or persons, from whom money is obtained, or attempted to be obtained, is necessary to give validity to an indictment following the statutory form, it necessarily follows that the indictment in the present case must be held to be insufficient because it fails to give such name or names. It charges the defendant with attempting to obtain from "certain persons, firms and corporations, * * * composing a voluntary association known as the 'Brewers' Association of St. Louis and East St. Louis,'" but does not give the name or names of such persons, but such names are entirely omitted.

Even in civil proceedings, when the statute prescribes the form of a deed to be made by a sheriff or collector, we have held that such form becomes substance, and that a deed which does not conform in every particular to the form prescribed, is null and void, and ineffectual to pass title to the property sought to be conveyed. *Williams v. McLanahan*, 67 Mo. 500; *Hopkins v. Scott*, 86 Mo. 141. If such be the law in a civil case, how much more so should it apply in a criminal case involving the liberty of the party charged, and if a deed

which fails to follow strictly the form prescribed by law be void, why should not an indictment which fails to follow the prescribed form by omitting to name the person from whom the accused is charged with obtaining, or attempting to obtain, money, especially so, when, without such name being given, the crime with which he is charged is not identified? Can it be pretended that an indictment would be in pursuance of the statutory form which charged the accused with attempting to obtain money from certain persons, without naming them, who had formed a voluntary association known as the Methodist Church Association, or Farmers' Association? We think not, and yet the indictment in this case is of that character, differing only in charging that the persons sought to be defrauded had entered into an association known as the Brewers' Association.

There are but two classes of persons known to the law, viz.: natural and artificial, such as corporations. Under the form of an indictment prescribed by the statute, if the accused is charged with obtaining, or attempting to obtain, money or property from a natural person, his name must be given, if from a corporation, an artificial person, its name must be give. The indictment in this case neither gives the name of an artificial or natural person, nor does it aver that the name or names of such persons are not given because they are unknown to the grand jury, but only avers that a more particular description of said persons, firms, and corporations is unknown. If the statutory form of the indictment can only be upheld (as seems to have been ruled in the case of *State v. Fancher, supra*), on the ground that it requires the name of the victim or person defrauded, to be given in the indictment, then it follows that in no case where the name of the person or persons from whom money or property is sought to be obtained by the devices named in the statute, is unknown, can the statutory form be resorted to in preferring an indict-

Radcliffe v. The St. L., I. M. & S. Ry. Co.

ment, and that in that class of cases the pleader must draw his indictment according to the rules of the common law, and these rules would require him to set forth with particularity "the trick and deception, or false and fraudulent representations," etc., as well as the name of the person sought to be defrauded, if known, and if unknown to the grand jury that fact should be averred as a reason for not setting it forth, and in such case the accused would be informed sufficiently of the cause and nature of the accusation by the particular description of the trick, device, or false pretense contained in the indictment.

The indictment is bad, under the statute, because it fails to follow the form which it prescribes in an essential particular, and it is also bad at common law because it does not set forth the trick, device, or false pretence, defendant is charged with using to cheat and defraud.

Judgment reversed and defendant discharged. All concur