## THE STATE v. HORN, *Appellant.*

1. **Criminal Law**: PLEADING : INDICTMENT : FALSE PRETENSES.   An indictment under Revised Statutes, section 1561, which is in the form prescribed by said section, is invalid if it omits to state the true name of the person alleged to have been defrauded.

2. —— : —— : —— : —— : STATUTE OF JEOFAILS.   Such omission cannot be supplied or cured by Revised Statutes, section 1820, and its associate sections, which are, in a general way, sufficient for such purpose.

3. —— : —— : —— : ——.   Where the name of the person charged to have been defrauded is unknown, the statutory form of indictment, prescribed by section 1561, cannot be resorted to, but the indictment must be framed in accordance with the rules of good pleading in such cases. (*State v. McChesney*, 90 Mo. 120, *affirmed ; State v. Myers*, 82 Mo. 558, *overruled.*)

*Appeal from St. Louis Criminal Court.*—HON. G. S. VAN WAGONER, Judge.

REVERSED.

*Jos. G. Lodge* and *Thos. B. Harvey* for appellant.

(1) There is a fatal variance between the allegations in the indictment and the proof.   The indictment does not state the name of the victim or person alleged to have been defrauded, or the name of the defendant. *State v. Evers*, 49 Mo. 542 ; *State v. Ross*, 25 Mo. 426 ; *State v. McChesney*, 90 Mo. 120 ; *State v. Fancher*, 71 Mo. 461 ; *Morton v. People*, 47 Ill. 468.   (2) The trial court erred in instructing the jury that it was immaterial whether the intent was to cheat and defraud the person from whom the money was alleged to have been obtained, or any other person. *State v. Fancher*, 71 Mo. 461 ; *State v. McChesney*, 90 Mo. 120.

*B. G. Boone*, Attorney General, for the state.

(1) The indictment is drawn under section 1561, Revised Statutes, complies with the substantial requirements of the statute, and is sufficient. *State v. Fancher*, 71 Mo. 461; *State v. Williams*, 77 Mo. 310. (2) The variance between the charge and proof, as to the name of appellant, was not material or prejudicial, and will not suffice to reverse. R. S., secs. 1819, 1820.

SHERWOOD, J. — This prosecution was instituted under the provisions of section 1561 of the Revised Statutes of 1879. Here is the indictment:

"The grand jurors of the state of Missouri, within and for the body of the city of St. Louis, now here in court, duly impaneled, sworn, and charged, upon their oath present, that *Samuel* H. Horn, late of the city of St. Louis aforesaid, and state aforesaid, on the twenty-seventh day of March, in the year of our Lord, one thousand, eight hundred and eighty-four, at the city of St. Louis, aforesaid, did unlawfully and feloniously, with intent to cheat and defraud, obtain from one *John* F. Adams, one hundred and fifty dollars, lawful money of the United States of America, of the value of one hundred and fifty dollars, the money and property of said *John* F. Adams, by means and by use of *a false and fraudulent representation, pretense, and statement*, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

I have italicized the names alleged in the indictment as those of the defendant, and of his alleged victim, because, on the trial, the evidence showed that the Christian name of the defendant was *Sidney*, and that of Adams, *Joseph*. At the close of the evidence for the prosecution, the defendant demurred to it because of

the variances aforesaid; but the trial court overruled the demurrer, and instructed the jury that such variances were immaterial. This ruling brings into prominence the sufficiency of the indictment considered with reference to the section of the statute upon which it is drawn.

The rule is a familiar one, that indictments based upon statutes must conform to the statutes on which they are based; and in attempting to charge the offence of obtaining goods under false pretenses, if such charge is based on section 1335, Revised Statutes, it would be wholly insufficient to charge, simply, that the thing was obtained by "false pretenses"; the pleader would have to go further, and state what the particular false pretenses were, so as to notify the defendant of what he is to answer, and to enable the court to determine their indictable quality. 2 Bishop on Crim. Proc., sec. 165. In *Fancher's case*, 71 Mo. 461, we held that section 1561 was constitutional, though the indictment, the form of which the statute authorized, did not descend into particulars. But this was done on the sole ground that the form prescribed by the statute was followed, and the name of the victim defrauded was set forth in the indictment, as by that section required holding that the indictment by so doing, *i. e.*, by giving the name of the victim, sufficiently identified the accusation, and prevented a second prosecution for the same offence. As the constitutional validity of the statute, and of any indictment bottomed thereon, necessarily depend on that particular, it must needs follow that if the true name of the victim defrauded be omitted, that such omission will invalidate the indictment. And it will further follow, that such omission cannot be supplied or cured by other sections of the statute sufficient for such purpose in a general way, where no such constitutional obstacle intervenes. To hold otherwise, would be to hold that the legislature, by a simple legislative en-

actment, can render that which is unconstitutional constitutional.

On this theory, section 1820, and its associate sections, cannot aid the indictment in question. On this theory it was that *McChesney's case*, 90 Mo. 120, was decided, where it was ruled that if the name of the party is unknown, then the statutory form of indictment, as prescribed by section 1561, cannot be resorted to, but the indictment must be framed in accordance with those principles which dictate the rules of good pleading in such cases.

Holding these views, it must be ruled that *Myers' case*, 82 Mo. 558, was, on this particular point, incorrectly decided. Therefore, judgment reversed and the defendant discharged. All concur.