## THE STATE v. SARONY, *Appellant.*

1. **Criminal Law** : FALSE PRETENSES : INDICTMENT. An indictment under Revised Statutes, section 1561, for obtaining money by false pretenses, which charges that the defendant, with intent to cheat and defraud one D., "did then and there unlawfully, wilfully, and feloniously obtain from D. seventy (70) cents, lawful money of the United States, of the value of seventy cents, his money, by means and by use of a cheat and fraud and trick and deception, and fraudulent representation and statement, and false pretense," is sufficient.

2. —— : ——. One who advertised to give an exhibition as a mesmerist, and distributed handbills giving notice of his proposed exhibition, rented a hall, and, at the appointed time, stood in the ticket-office, sold tickets of admission and collected the money for them until the time when the entertainment was to begin, when he absconded, is guilty of obtaining money by false pretenses.

3. —— : —— : EVIDENCE. In a prosecution under Revised Statutes, section 1561, for obtaining money by false pretenses, acts of the defendant, similar to the one for which he is being tried, done about the same time and in the same city, are admissible for the purpose of showing the intent with which the act charged was done.

4. —— : —— : INSTRUCTIONS. Instructions to the effect that, in order to convict defendant of obtaining money under false pretenses, the jury must believe beyond a reasonable doubt that he obtained the money of the prosecuting witness with intent to cheat and defraud him, by making him believe that he would give a lecture on mesmerism, which he, in fact, did not give, or intend to give, and that they should take into consideration all the facts in evidence as bearing on the question of intent, are correct and properly given.

*Appeal from Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*Budlong & Campbell* for appellant.

The indictment is insufficient at common law, because it does not set forth with particularity the cheat, fraud, etc., practiced by defendant, and does not sufficiently inform him of the nature of the accusation against him. *State v. Hayward*, 83 Mo. 299; *State v. McChesney*, 90 Mo. 120. It does not set forth facts sufficient to bring the accused within the statutory provision. *State v. Gabriel*, 88 Mo. 631; *State v. Ross*, 25 Mo. 426; *State v. Evers*, 49 Mo. 542; Arch. Crim. P. & P. 625. It should follow the form prescribed by the statute in essential particulars. *State v. McChesney*, 90 Mo. 120. Testimony of other and similar acts of defendant should not have been received. *State v. Bayne*, 88 Mo. 604. The instructions were erroneous.

*B. G. Boone*, Attorney General, for the state.

(1) An indictment under section 1561, Revised Statutes, which follows the form prescribed by said section, is sufficient. *State v. Bayne*, 88 Mo. 604; *State v. McChesney*, 90 Mo. 120. (2) Evidence of a defendant's conduct immediately prior to the commission of a crime is admissible if it tends to throw light upon his motives and intentions in committing the act with which he is charged. Ros. Crim. Evid. [7 Ed.] 90–2; Whar. Crim. Evid. [8 Ed.] sec. 456; *State v. Cooper*, 85 Mo. 260, and cas. cit. (3) Acts of a defendant similar to the one for which he is being tried (under section 1561), committed near the same time and in the same city, are admissible against him to show the intent with which the act charged was done. *State v. Myers*, 82 Mo. 558; *State v. Cooper*, 85 Mo. 256, 260; *State v. Bayne*, supra. (4) The instructions were correct. *State v. Bayne*, supra. However, the defendant saved no exceptions at the time to the giving or refusing of any instructions,

and they will not be reviewed by this court. *State v. Bayne, supra.*

NORTON, C. J.—Defendant was indicted in the Greene county circuit court at its May term, 1887, under section 1561, Revised Statutes, for obtaining money by means of a trick, cheat, fraud, and deception. After an unsuccessful motion to quash the indictment, he was tried, convicted, and sentenced to imprisonment for two years in the penitentiary. Omitting the formal portion, the indictment is as follows: "That one J. S. Sarony, at, on or about the twenty-sixth day of February, 1887, at the county of Greene, in the state of Missouri, with the intent to cheat and defraud one Cyrus L. Dooms, did then and there unlawfully, wilfully, and feloniously obtain from Cyrus L. Dooms seventy (70) cents, lawful money of the United States, of the value of seventy cents, his money, by means and by use of a cheat and fraud and trick and deception, and fraudulent representation and statement, and false pretense, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state." To this are appended the proper signatures and the attestation of the foreman of the grand jury.

The motion to quash the indictment was properly overruled on the authority of the following cases: *State v. Fancher*, 71 Mo. 460; *State v. Van Zandt*, 71 Mo. 543.

The evidence tended to show that defendant advertised to give an exhibition as a mesmerist on the night of the twenty-sixth of February, 1887, and to this end, distributed handbills advertising his proposed exhibition, rented a hall, and at the time appointed stood in the box or ticket-office, sold tickets of admission, and collected the money therefor until about half-past eight o'clock p. m., the time when the exhibition was to begin, when he absconded, or, in the language of some of the

witnesses, "skipped out," with the money. Cyrus L. Dooms, mentioned in the indictment as his victim, paid defendant seventy cents for seven tickets. He was admitted to the auditorium, where he waited with a large number of others, until it became evident that defendant did not intend to appear and perform as he had advertised, when the audience dispersed and he went out. Defendant did not appear and give the performance, but absconded. He was arrested the next morning at the junction, and brought back and charged with obtaining money of said Dooms, as set forth in the indictment.

Evidence was received over defendant's objections of his action in having handbills printed, circulating and posting them in the city of Springfield, advertising his contemplated mesmeric performance, and in selling tickets and procuring money from others to the amount of about thirty dollars, about and at the time he procured the money from Dooms. The evidence was properly received under the rulings made in the following cases: *State v. Cooper*, 85 Mo. 256, and *State v. Bayne*, 88 Mo. 604. In these cases it is held that, under a prosecution based on section 1561, acts of a defendant similar to the one for which he is being tried, done about the same time and in the same city, are admissible for the purpose of showing the intent with which the act charged was done.

The only exception saved to the action of the court in giving instructions was to the first, second, third, and fourth given in behalf of the state. These instructions in effect told the jury that before they could convict the defendant they must believe beyond a reasonable doubt that he obtained the money of Dooms with the intent to cheat and defraud him by inducing him to believe that he would give a lecture on mesmerism and also a mesmeric performance, which he, in fact, did not give or intend to give, and as

bearing on the question of intent, they should take into consideration all the facts in evidence.

The objections to these instructions are not well taken, and finding no error in the record, the judgment is affirmed. All concur.