The State v. Crooker.

| 95 | 389 |
| 100 | 582 |
| 37a | 217 |
| 95 | 389 |
| 39a | 111 |
| 95 | 389 |
| 109 | 620 |
| 112 | 207 |
| 95 | 389 |
| 117 | 376 |
| 95 | 389 |
| 61a | 247 |

THE STATE v. CROOKER, *Appellant.*

1. **Indictment**: OBTAINING PROPERTY BY FALSE PRETENSES : STATUTE. An indictment under Revised Statutes, section 1561, for obtaining property by means of a trick or deception and false and fraudulent representations should state the specific property obtained.

---

The State v. Crooker.

---

2. ——— : STATUTORY OFFENCES. The general rule that it is sufficient in a statutory offence that the indictment charges the crime in the language of the statute, does not mean that it is sufficient to copy the statute into the indictment, or even where a form is prescribed that it is sufficient to simply fill the blanks. The indictment must make a specific application of the terms of the statute to the case in hands.

*Appeal from Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

REVERSED.

*Peak, Yeager & Ball* and *G. F. Ballingall* for appellant.

The indictment under which the defendant was convicted charges him with "obtaining of and from Mary Eskens and Peter Eskens her, his, and their property, to-wit, certain real and personal property." There is no further description of the property charged to have been taken contained in the indictment. The statutes of this state provide that the property alleged to have been taken shall be described in the indictment by the name by which it is usually known. R. S., secs. 1814, 1817. "Personal property" is a generic term, embracing a large number of species, and does not define or describe any particular property, and is not the name by which any particular property is usually known. The defendant is not informed whether he is charged with obtaining from Eskens a horse, a mule, a cow, a sheep, a hog, a wagon, a cart, money, bonds, notes, groceries, dry goods, grain, or any other of the numerous classes into which personal property is divided. He is not informed of the nature or character of the offence charged against him, or of the evidence which will be required upon his part to meet the charge. The description is so vague and uncertain that in case of a conviction or acquittal he

would not be able to plead the conviction or acquittal in bar of another prosecution. This court has held that the defect here complained of is fatal. *State v. Kroeger,* 47 Mo. 530 ; *State v. Reaky,* 62 Mo. 42 ; *State v. Fisher,* 58 Mo. 256 ; *State v. Hill,* 65 Mo. 87 ; *State v. Rocheforde,* 52 Mo, 199.

*B. G. Boone,* Attorney General, for the state.

BRACE, J.—The defendant was indicted in the criminal court of Jackson county, at Kansas City, at its November term, 1885. The indictment contained two counts, one under section 1335, and the other under section 1561, Revised Statutes, 1879. During the progress of the trial the state dismissed the first and elected to proceed under the second count. Its sufficiency was called in question by an objection to the introduction of any testimony under the indictment, and by the motion in arrest of judgment. The trial court held it sufficient and its so holding is assigned for error, and on the record here, the first question presented for consideration is the sufficiency of the second count of the indictment, which is as follows: "And the grand jurors aforesaid upon their oaths aforesaid, do further present and charge that H. D. Crooker, whose Christian name in full is unknown to these grand jurors, at Jackson county, in the state of Missouri, on the —— day of December, 1884, unlawfully, feloniously, and with intent to cheat and defraud, did obtain of and from Mary Eskens and Peter Eskens her, his, and their property, to-wit, certain real estate and personal property, the exact description of which is unknown to these grand jurors, of the value of six thousand and seventy-five dollars, by means and by use of a cheat and a fraud and a trick and a deception, and false and fraudulent representation, and a false and fraudulent statement, and a false pretense, and a confidence game, and a false

and bogus instrument, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state.''

Section 1561, Revised Statutes, under which it is drawn, is as follows: ''Every person who, with intent to cheat and defraud, shall obtain, or attempt to obtain, from any other person or persons any money, property, or valuable thing whatever, by means or by use of any trick or deception, or false and fraudulent representation, or statement, or pretense, or by any other means, or instrument, or device, commonly called the ' confidence game,' or by means or by use of any false or bogus check, or by any other written or printed or engraved instrument, or spurious coin or metal, shall be deemed guilty of a felony, and upon conviction be punished by imprisonment in the penitentiary for a term not less than two years. In every indictment under this section, it shall be deemed and held a sufficient description of the offence to charge that the accused did on —— unlawfully and feloniously obtain or attempt to obtain (as the case may be) from A B (here insert the name of the person defrauded) his or her money or property by means and by use of a cheat, or fraud, or trick, or deception, or false and fraudulent representation or statement, or false pretense, or confidence game, or false and bogus check, or instrument, or coin or metal, as the case may be, contrary to the form of the statutes,'' etc.

It will be observed that this count in the indictment is drawn in terms as general as the statute itself, except in two particulars, the insertion of the name of the defendant and of the parties from whom it is charged he obtained the property. It is a fundamental rule of criminal pleading, of such importance to the rights of a citizen as to have received the guarantee of constitutional protection, that no one shall be held to answer a criminal charge unless the crime with which it is intended to charge him is set forth in the indictment

with such precision and fulness as to inform him of the·
nature of the offence and the cause of his accusation?
Const. of Mo., art. 2, sec. 22. Within this limit, the
legislature has power to prescribe a form of indictment,
a power which they have exercised with much liberality
in the enactment of the section in question, declaring
the terms that shall be sufficient to describe the offence
in an indictment under that section, and it must be
conceded that in it they have certainly gone to the
verge of that limit. In *State v. Fancher*, 71 Mo. 460,
an indictment under this section charging the offence in
the form therein prescribed was sustained on the ground
that the statement in the indictment conformed to the
requirements of the statute, that the statute did not
transcend the bounds of the constitutional limit stated,
that its terms sufficiently informed the defendant of the
nature of the offence with which he is charged, and that
the insertion of the name of the party from whom *the*
property was obtained sufficiently identified and
informed the defendant of the cause of his accusation.
This ruling was followed in *State v. McChesney*, 90
Mo. 120, and in *State v. Horn*, 93 Mo. 190, in both of
which cases, however, the indictment was held to be
insufficient for the reason that the true name of the
person from whom the property was obtained was not
correctly charged in the indictment. This ruling was
also followed in *State v. Beaucleigh*, 92 Mo. 490, and in
*State v. Sarony*, *ante*, p. 349, in which the indictments
were sustained.

These are all the cases in which this court has
directly passed upon indictments drawn· under this sec-
tion, and in every one of them the indictment contained
a particular description of the property obtained, in
such terms as, taken in connection with the name of the
person from whom it was obtained, that it might be said
the accusation was so·identified as to prevent a second
prosecution for the same offence, and to sufficiently

inform the defendant of the particular cause of his accusation so as to enable him to prepare for, and defend himself against, the charge. We are now asked to go further in sustaining this indictment, which fails to give the defendant any information as to the particular act or acts, of the nature of those contained in the form prescribed that is complained of, or of any fact by which he could find out what act of his life, in connection with that of the injured party, he must prepare to defend. He may have had a hundred transactions with him or her, prepare to defend one, and be confronted with evidence tending to prove him guilty of fraud in any one of the other ninety-nine. He may have prepared himself to defend a transaction in which he received money, and be confronted on the trial with evidence tending to prove that he had fraudulently obtained a farm, a horse, a boat, or a buggy, or if, perchance, he hit the right transaction, and succeeded in his defence, the judgment on the indictment would not show that he had been acquit of guilt in that particular transaction, and a second prosecution might be more successful for the same offence.

This indictment cannot be sustained upon any known principle of criminal pleading. The general rule that it is sufficient in a statutory offence to charge the crime in the language of the statute, does not mean that it is sufficient to copy the statute into the indictment, and even when a form is prescribed, it will not do to simply fill the blanks. The statute, as also the form in the very nature of things, must be in general terms suitable to be adapted to all cases. The office of the indictment is to make a specific application of those terms to the case in hand; it must charge a particular person with a particular offence, within those terms, and "should be so far extended into detail beyond the mere definition of the law on which it is drawn as to render the particular instance of offending certain." Bish. Crim. Proc., sec.

566. In mentioning things connected with the substance of the offence, the indictment should employ the words which denote the species, not the generic term ; for example, property is too general—"the kind, the species, of property must be stated." *Ib.*, sec. 568. It is not sufficient to charge that the defendant obtained certain property ; the indictment ought to state what property he obtained. *State v. Rochford*, 52 Mo. 199. This is the more essential in an indictment under a statute in which the nature of the offence is so vaguely defined that nothing is provided for by which the accusation can be identified except a description of the property and the name of the party from whom obtained.

The fact that the legislature has, in some instances, provided what shall be a sufficient description of certain species of property (R. S. 1879, secs. 1814–17) is persuasive evidence that they did not intend, in the form prescribed in this statute, to dispense with a definite description necessary in all indictments, but particularly so in one drawn on that form. If this indictment was founded on any evidence at all to warrant it, it is inconceivable that it could be unknown to the jurors what property that evidence tended to show was obtained by the defendant, and when they preferred a felonious charge against the defendant for obtaining it, they ought to have stated in plain, certain, and unambiguous language what property it was that he was charged with having feloniously obtained. To sustain such an indictment as this would be to set at naught well-settled principles of criminal pleading, trench upon the constitutional rights of the accused, make his defence hazardous and his acquittal insecure.

The motion in arrest of judgment, for the insufficiency of the second count in the indictment on which the defendant was tried, ought to have been sustained, and for the error of the court in overruling that motion, the judgment is reversed and the defendant discharged. All concur.