THE STATE v. JACKSON, *Appellant.*

In Banc, December 12, 1892.

1. **Criminal Law**: CONFIDENCE GAME: INDICTMENT. An indictment under Revised Statutes, 1889, section 3826, for an attempt to obtain money by means of "a trick," "confidence game," etc., *held* sufficiently specific and valid. (*State v. Morgan, ante, p. 202, followed.*)

2. ———: ———: EVIDENCE. A similar transaction to the one in issue had by the defendant with another person than the one named in the indictment is admissible in evidence to show guilty intent.

3. ———: ———: INSTRUCTION. An instruction is erroneous which omits the element of the defendant's intent to cheat or defraud.

*Appeal from Clark Circuit Court.*—HON. B. E. TURNER, Judge.

REVERSED AND REMANDED.

*C. T. Noland* for appellant.

(1) The indictment should have been quashed on defendant's motion, because it does not follow the form prescribed in section 3826, Revised Statutes, 1889, in that it uses the words "goods and chattels" instead of the words "money" or "property." *State v. Clay*, 100 Mo. 571; *State v. Dowd*, 95 Mo. 163; Bishop on Criminal Procedure, secs. 356–368. (2) And it should have been quashed, because it did not state sufficient facts to constitute a crime under the statutes. *State v. Davis*, 70 Mo. 467; *State v. Crocker*, 95 Mo. 389; *State v. Hayward*, 83 Mo. 304; Wharton on Criminal Pleading & Practice, sec. 220; *Hicks v. Com.*, 86 Va. 223; *People v. Dunbar*, 106 N. Y. 502; 10 American & English Encyclopedia of Law, notes on pp. 576, 577. (3) The indictment is not good under the common law. It set forth no act or acts as constituting an attempt to commit the crime charged, but simply charged a conclusion of law. *State v. Terry*, 19 S. W. Rep. 206; *State v. Crocker*, 95 Mo. 389; Bishop on Criminal Procedure, sec. 568; *People v. Dunbar*, 106 N. Y. 509, 510. (4) The form of the indictment in section 3826, Revised Statutes, 1889, is unconstitutional, because it violates sections 12 and 22 of article 2 of the state constitution and section 1 of the fourteenth amendment to the federal constitution. (5) The first instruction given for the state is erroneous in that it fails to state an intent to cheat and defraud as a necessary element of the crime charged. *State v. McCasky*, 16 S. W. Rep. 511; *State v. Myers*, 82 Mo. 572.

*John M. Wood*, Attorney General, for the State.

(1) The fraud attempted to be perpetrated here, and which was charged in the indictment, was in the nature of a confidence game, and the motion to quash the indictment was properly overruled. *State v. Terry*, 109 Mo. 601. (2) The testimony of witness Trice as to similar acts of defendant was admissible for the purpose of showing the intent with which the act charged was done, and no error was committed by the court in admitting this testimony, and in giving instruction number 2. *State v. Bayne*, 88 Mo. 604; *State v. Myers*, 82 Mo. 558; *State v. Sarony*, 95 Mo. 349. (3) The declarations of each of these confederates was admissible against the other, as they were all made in the prosecution of one enterprise. *State v. Melrose*, 98 Mo. 594. (4) The testimony is clear and conclusive, and leaves no doubt as to the purpose of these parties to obtain, if possible, the money of the prosecutor, and the attempt to do so was clearly made out.

THOMAS, J.—I. The indictment in this case is drawn under section 3826, Revised Statutes, 1889, and it charges that defendants, George Height and Isaac Levy, at the county of Clark, did unlawfully and feloniously attempt to obtain from John Mantle the sum of $3,500, of the goods and chattels of said John Mantle, "by means and by use of a cheat, and a fraud and a trick and deception and false and fraudulent representation and false pretense and a confidence game," with the felonious intent to cheat and defraud the said John Mantle.

We do not concur in the contention that this charge is not sufficiently definite and explicit to inform defendants of the nature and cause of the accusation,

within the meaning of section 22 of our bill of rights. The charge is in compliance with the statute, and on the authority of *State v. Morgan, ante*, p. 202, we must hold it sufficient.

II.    The court admitted evidence of another transaction, for the purpose of showing defendants' intent.

The evidence tended to show that in September, 1891, the two men jointly indicted with defendant induced John Mantle to show them his farm in Clark county, with a view, on their part, of purchasing it; that while going around the farm in a wagon they came across defendant in a fence corner, who got up and said, "Hello, Yanks," to which the two confederates replied by calling him "Texas," all pretending, however, to be strangers to each other; defendant said he was hunting a sister, who had married a man by the name of Hamburg, in order to pay her her part of $17,000, which they had inherited from their father, at the same time opening a valise he had, and exhibiting five or six bunches of money, or what looked like money.    Mantle said he knew Hamburg, and would show defendant where he lived.    Defendant then said he had had bad luck lately; that the landlord where he had stopped had won $1,000 from him; the two confederates seemed to be much interested and inquired how he had lost the money; defendant pulled out four cards, with which all except Mantle played, and they pretended that the two confederates had won $3,500 from defendant; they then asked Mantle to play, and though objecting at first he was induced finally to turn a card or two, whereupon they claimed he had won $3,500, and defendant took out a roll of bills and commenced to count the money, laying a $20 bill in Mantle's hand, but immediately took it back, remarking that if the latter could show he could have paid if he had lost he would then pay the $3,500;

Mantle was asked if he had $3,500, and he replied that he did not, but could get that much, and was finally induced to go to a bank in Farmington, where he did business, in company with the two confederates, leaving defendant on the road; the banker gave Mantle a certificate that he could get $3,500 if necessary, and they returned to defendant; but this certificate was not satisfactory, and after some more parleying the parties separated.

The state introduced Stephen Trice, as a witness, who was permitted, over objections of defendant, to testify that in June, 1891, the same men approached him on his farm in Clinton county, Missouri, in the same manner they had Mantle. His story was similar in many respects. He got $3,500 in cash, however, and took it to the men on the road, where the game of cards was played, and where they obtained his money, but exactly how, he did not seem to know. He was frightened by their conduct and conversation; some of the men were masked, and after getting his money one of them threw a mask of some sort over his face, after which he became unconscious for awhile.

The general rule, that in a prosecution of this sort acts of a defendant similar to the one for which he is being tried are admissible for the purpose of showing the intent with which the act charged was done, is not denied. But it is earnestly insisted that the transaction detailed by Trice is not similar to the one detailed by Mantle, in that the former amounted to robbery, while the latter amounted to an attempt, if any crime at all, to obtain money by false pretenses and a confidence game.

While the witness Trice called the act in his case robbery, we do not think that defendant could have been convicted of that crime on Trice's testimony.

That act constituted the crime, defined by section 3826, *supra*, which was composed of elements constituting a series of fraudulent and false declarations and acts, by which the confidence of the party was first obtained, and the party then fleeced; and the transactions with Trice and Mantle, however differing in detail, were similar in general outline; and, for the purpose of showing the intent of defendant and his confederates in their dealings with Mantle, the state had a right to prove the transaction with Trice. *State v. Myers*, 82 Mo. 558; *State v. Bayne*, 88 Mo. 604; *State v. Sarony*, 95 Mo. 349.

At the time of the admission of this evidence, and afterwards by an instruction, the court specifically told the jury its object, and how far and for what purpose it should be considered by them in making up their verdict.

III.  The intent to cheat and defraud constitutes the main element in crimes of the character charged in this indictment, and the court erred in wholly omitting that element in the instructions to the jury.  *State v. Norton*, 76 Mo. 180; *State v. Myers*, *supra*.  And for this error the judgment will be reversed and the cause remanded for a new trial.  BLACK, BARCLAY and MACFARLANE, JJ., concur.  SHERWOOD, C. J., BRACE and GANTT, JJ., dissent

SHERWOOD, BRACE and GANTT, JJ.—We dissent solely on the ground of the invalidity of the indictment, and, therefore, are for a simple reversal of the judgment.