THE STATE, *Appellant*, v. CAMERON.

Division Two, June 27, 1893.

1. **Pleading, Criminal:** INDICTMENT: PLEADING DISJUNCTIVE OFFENSES CONJUNCTIVELY. Separate and distinct offenses mentioned disjunctively in the same section of the statutes, all of which are of the same class and punishable by the same penalty, may be charged conjunctively in one count of an indictment, as if constituting but one offense, and such count will be sustained by proof of one of the offenses charged.

2. ——: ——: FRAUD: FALSE REPRESENTATIONS: CONSTITUTION. The form of indictment prescribed by Revised Statutes, 1889, section 3826, relating to cheats, frauds, false representations, etc., is unconstitutional, in that it deprives the accused of the constitutional guaranty, that "in criminal prosecutions the accused shall have the right * * * to demand the nature and cause of the accusation."

*Appeal from Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*R. F. Walker*, Attorney General, for the state.

(1) The indictment charges the defendant with unlawfully and feloniously obtaining a negotiable promissory note with the intent to cheat and defraud. Sec. 3826, Revised Statutes, 1889. (2) The form prescribed by the statute being carefully followed, and the material requisites alleged, the indictment is sufficient. *State v. Bayne*, 88 Mo. 604; *State v. McChesney*, 90 Mo. 120; *State v. Horn*, 93 Mo. 190; *State v. Crooker*, 95 Mo. 389; *State v. Clay*, 100 Mo. 571; *State v. Morgan*, 112 Mo. 202; *State v. Jackson*, 112 Mo. 585. (3) The indictment is not multifarious nor defective for uncertainty. The offense is clearly charged, and the accused cannot be misled as to the nature of the crime preferred

against him. *State v. Fancher*, 71 Mo. 460. (4) It is sufficient to allege the methods by which the fraud was accomplished. This the indictment does in the language prescribed by the statute. The different methods set forth are necessary ingredients, under the statute, of the crime charged. *State v. Porter*, 75 Mo. 171. (5) The indictment clearly informs the defendant of the nature and cause of the accusation and the act he is required to defend. Constitution of Missouri, art. 2, sec. 22; *State v. Fancher*, 71 Mo. 460.

BURGESS, J.—At the September term, 1891, of the circuit court of Lincoln county, Missouri, there was returned into court by the grand jury, an indictment against defendant, which is as follows:

"The grand jurors of the state of Missouri, empaneled, sworn and charged to inquire within and for the body of the county of Lincoln, state of Missouri, upon their oaths do charge and present that one A. Q. Cameron, on or about the twenty-eighth day of April, A. D. 1891, at the county of Lincoln, state of Missouri, with intent to cheat and defraud one, Gophat Stimlinger, of his money, property and other valuables, did then and there unlawfully and feloniously obtain from said Gophat Stimlinger his negotiable promissory note, which said note bound the said Gophat Stimlinger for the payment of $542.25, by means and use of a trick and deception, and by false and fraudulent representations and statements and false and fraudulent pretense, and by means of the confidence game, and by means and use of a written instrument, and which said negotiable promissory note, obtained in the manner and by the means aforesaid from the said Gophat Stimlinger by the said A. Q. Cameron, was then and there a thing of value, and bore the date of April 23, A. D. 1891, and was payable ninety days

after date to the said A. Q. Cameron or bearer, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state.''

On the twelfth day of April, and during the April term of said court, the defendant filed his motion for a change of venue, which was granted, and the cause was sent to the circuit court of Montgomery county, Missouri.

At the July term of the Montgomery circuit court the defendant filed a motion to quash the indictment against him, to-wit:

"Now comes the defendant in above cause and moves the court to quash the indictment herein for the following reasons: *First.* Because said indictment does not charge the defendant with any offense to the laws of this state. *Second.* Because said indictment is insufficient in form and substance. *Third.* Because said indictment charges the defendant with the use of several different means in the accomplishment of the pretended fraud, without specifying which one of said means did in fact accomplish said pretended fraud. *Fourth.* Because the different means for the accomplishment of a fraud specified in section 3826 do not mean the same thing, and cannot be used in the aggregate in charging one offense under said section. *Fifth.* Because said indictment does not inform said defendant which act or acts of his he is required to defend. *Sixth.* Because said indictment does not inform the defendant of the nature and cause of the accusation against him, as required by section 22, article 2, of the constitution of the state.''

On the nineteenth day of July, 1892, at said July term of said court, the motion to quash was by the court sustained, and judgment rendered discharging

the defendant. The state prayed and was granted an appeal. No brief has been filed by defendant.

The indictment is drawn under the provisions of section 3826, Revised Statutes, 1889, which is as follows:

"Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any other person or persons any money, property, or valuable thing whatever, by means or by use of any trick or deception or false or fraudulent representation, or statement or pretense or by any other means or instrument or device, commonly called 'the confidence game,' or by means or by use of any false or bogus check, or by any other printed or engraved instrument, or spurious coin or metal, shall be deemed guilty of a felony, and upon conviction be punished by imprisonment in the penitentiary for a term not exceeding seven years. In every indictment under this section it shall be deemed and held a sufficient description of the offense to charge that the accused did on—— unlawfully and feloniously obtain or attempt to obtain (as the case may be) from A. B. (here insert the name of the person defrauded) his or her money or property, by means and by use of a cheat or fraud, or trick or deception, or false and fraudulent representation or statement, or false pretense or confidence game, or false and bogus check or instrument, or coin or metal, as the case may be, contrary to the form of the statute," etc.

The indictment charges the defendant with obtaining from one Gophat Stimlinger his promissory note for the sum of five hundred and forty-two dollars and twenty-five cents, by means and use of a trick and deception and by false and fraudulent representations and statements and false and fraudulent pretense, and by means of the confidence game, and by means

of the use of a written instrument, either one of which constitutes a crime under the statute, if it is constitutional, in prescribing the form of the indictment, in such cases. While there are separate and distinct offenses charged in the indictment conjunctively and set forth in the statute disjunctively, they are all of the same class, the punishment the same, and the indictment is not double or bad for duplicity. 1 Bishop's Criminal Procedure, sec. 436; *State v. Fancher,* 71 Mo. 460.

"Where a statute in one clause forbids several things or creates several offenses in the alternative, which are not repugnant in their nature or penalty, the clause is treated in pleadings as though it created but one offense; and they may all be united conjunctively in one count, and the count is sustained by proof of one of the offenses charged." *State v. Woodward,* 25 Verm. 616; 1 Bishop on Criminal Procedure, sec. 191; Bishop on Criminal Law, secs. 274, 803, 810.

But, notwithstanding the indictment is not bad for duplicity, a much more serious question is as to the constitutionality of the section of the statute under which it is drawn. Section 22, of article 2 of the state constitution, commonly called the bill of rights, declares that: "In criminal prosecutions the accused shall have the right * * * to demand the nature and cause of the accusation." How the defendant was to know the nature of the accusations against him, under the indictment, and to prepare to defend himself against them, is difficult to conjecture. Who is to determine what a confidence game is; what are false and fraudulent representations or pretenses, unless the facts which constitute such offenses are set forth in the indictment that the court may determine, and that the defendant may know, what he is charged with and what charges he must prepare to meet?

To allege that B. had obtained A.'s horse by means of the confidence game, or by false and fraudulent representations and pretenses would by no means inform him of the nature and cause of the accusation against him. Certainly it will not be contended that the legislature has the authority to pass a law prescribing the form of indictment for murder and say that in such case it shall be sufficient to allege and charge in the indictment that A. did kill and murder B. without charging by what means or manner the murder was committed.

The opinions of the members of this court have not been in harmony on the constitutionality of this statute, although it has been several times passed upon. *State v. Fancher*, 71 Mo. 460; *State v. McChesney*, 90 Mo. 120; *State v. Horn*, 93 Mo. 190; *State v. Beaucleigh*, 92 Mo. 490; *State v. Connelly*, 73 Mo. 235; *State v. Crooker*, 95 Mo. 389; *State v. Terry*, 109 Mo. 601; *State v. Jackson*, 112 Mo. 585; *State v. Sarony*, 95 Mo. 349.

It was held in the case of the *State v. Terry, supra,* SHERWOOD, J., delivering the opinion of the court, BRACE and GANTT, JJ., concurring therein, that the statute under consideration is unconstitutional, in that it deprives the accused of the constitutional guarranty; that "in criminal prosecutions the accused shall have the right * * * to demand the nature and cause of the accusation," which we think decisive of the case in hand, and which we follow and approve. See, also, *State v. Benson*, 110 Mo. 18. Judgment affirmed. All concur.