State v. Crabtree.

———◦•◦◦•———

THE STATE, Respondent, v. CRABTREE, Appellant.

1. An indictment founded on the 36th section of the 8th article of the act concerning crimes and punishments (R. C. 1855, p. 631) charging that the defendant, on, &c., at, &c., "did then and there unlawfully keep open a grocery by then and there permitting persons to enter said grocery and then and there to drink intoxicating liquors," is good.

2. To authorize the conviction of a grocery-keeper on such an indictment, it is not sufficient that he permits persons to enter his grocery on Sunday and to drink intoxicating liquors there; it must appear that the acts done by him are done for the accommodation of customers and in continuation of the usual business of the week.

*Appeal from Laclede Circuit Court.*

*Wright*, for respondent.

I. Both counts in the indictment are bad. The motion to quash should have been sustained.

II. The instructions on the part of the State were wrong, and those asked by defendant should have been given.

*Ewing*, (attorney general) for the State.

I. The indictment is sufficient. (R. C. 1855, p. 631, sec. 36; State v. Buford, 10 Mo. 703; State v. Sutton, 24 Mo. 377.) The instructions given to the jury presented the law of the case fairly to the jury. The instructions refused were not the law.

NAPTON, Judge, delivered the opinion of the court.

This indictment was for a breach of the 36th section of the 8th article of the act concerning crimes and punishments. That section prohibits, under a penalty, " exposing to sale any goods, wares or merchandise; keeping open any ale or porter house, grocery or tippling-shop; and selling or retailing any fermented or distilled liquor, on the first day of the week, commonly called Sunday."

The indictment charged that the defendant, on, &c., at, &c., did then and there unlawfully keep open a grocery by then and there permitting persons to enter said grocery and then and there to drink intoxicating liquors." The proof was that the witness and others opened the door of defendant's grocery, went in and immediately shut the door after them; that two of them took a dram; that defendant set out the liquor; that defendant did not sell the liquor; that the door of the grocery had been shut previously to the entrance of witness and his friends, and that it was not permitted to stand open. The court instructed the jury as follows: " 1. If the jury shall believe from the evidence that defendant at any time within one year before the finding of the indictment, and within the county of Laclede, kept open a grocery upon the first day of the week, commonly called Sunday, they should find the defendant guilty. 2. If the defendant was the keeper of a grocery and permitted persons to enter it on Sunday and to drink intoxicating liquors in such grocery, it was keeping open such grocery within the meaning of the statute." The defendant asked several instructions, which in substance were designed to declare the law to be that the facts proved by the witness and referred to in the instructions given would not themselves constitute the offence punished by the act unless the jury were satisfied that such acts were done or permitted with a view to evade the law, or to allure customers, or to carry on his usual business. These instructions were refused and a verdict was found against the defendant.

The indictment we think sufficient, as the charge is in the words of the statute, and the definition of the offence attempted may be rejected as surplusage. Nor are we prepared to say that the evidence was not sufficient to justify a verdict ; but we think the defendant's instructions should have been, given or some explanations equivalent thereto. The object of this statute is very plain ; it is to prohibit a continuance of certain employments on Sunday under certain named penalties. All traffic in merchandise of every description is to cease on Sunday, and all retailers or venders of liquors are to cease their occupation on that day. It is of no consequence whether the door of the grocery or dramshop is kept open or shut. If the business of the week is carried on openly or secretly the law is broken. A grocery-keeper, under the present law, has no authority to retail spirituous liquors at any time. The simple fact that he permits one or more acquaintances to enter his grocery and drink spirituous liquors on Sunday is not of itself a breach of this law. It may be of another. It may be evidence and very sufficient evidence to authorize a conviction under this law, depending upon circumstances and motives to be determined on by the jury. If the jury are satisfied that such acts are done for the accommodation of customers and are, in truth, a continuation of the usual occupation of the week, they may very well find the defendant guilty.

There may be attempted evasions of the law, and the jury must judge of these matters ; but it is very obvious that the defendant may have done every thing which is hypothetically stated in the instructions given by the court, and yet totally innocent of a violation of the Sabbath. Juries are however very likely to be able to draw correct conclusions upon such evidence, and can readily understand the motives of certain acts. But the jury must have an opportunity of passing upon the intent as well as the acts.

The court in this case did not allow the question of intent to go to the jury. Very likely the verdict would have been

the same; but we can not know how this might have been, and must therefore reverse the judgment and remand the cause; the other judges concur.