State v. Wall et al.

STATE OF MISSOURI, Appellant, *v.* JOHN H. WALL AND SAMUEL WALL, Respondents.

*Criminal Practice—Indictment.*—An indictment will not be held defective or insufficient if enough remain to constitute a good charge of the offence after striking out the objectionable parts. An indictment charging that the defendants did assault one J. W. Jones, and him, the said John W. Jones, did put in fear, &c., sufficiently identifies the person against whom the offence was committed.

*Appeal from DeKalb Circuit Court.*

*J. C. Parker*, for appellant.

I. The court below erred in sustaining the demurrer because the indictment is good for robbery without the clause complained of by the defendants, and the clause claimed to be objectionable may be rejected as surplusage—R. C. 1855, p. 574, § 20; Bishop's Crim. Law, §§ 966-7, 972, and following. Mere surplusage, when there is sufficient matter alleged to indicate the crime and the persons charged, does not invalidate an indictment—R. C. 1855, p. 1176, § 27.

II. Although there might not, in the opinion of the court below, have been sufficient matter set out to constitute the crime of robbery, yet the crime of larceny was sufficiently

charged, and the court below should have overruled the demurrer on that ground—State v. Jenkins, 36 Mo. 376.

*Vories & Vories*, for respondents.

Names, when necessary to be alleged in a pleading, are always descriptive, and must always be strictly proved as alleged or stated. In the indictment in this case the person alleged to have been assaulted and the one robbed are, or may be, different persons, and there are no allegations in the indictment to show that they are the same ; hence the two allegations are repugnant and the indictment bad— U. S. v. Keene, 1 McLean, 429 ; Arch. Crim. Prac. 261, 265, and notes ; State v. Hand, 1 Eng. 165 ; Paige v. The State, 19 Ohio, 423 ; Bell v. State, 1 Stewart (Tenn.) 42.

WAGNER, Judge, delivered the opinion of the court.

The respondents were indicted for robbery in the first degree. The indictment consisted of but one count, and charged that defendants on, &c., feloniously did make an assault upon the person of one J. W. Jones, then and there being, and him the said John W. Jones, in fear and danger of some immediate injury to his person, by assault and violence upon the same, then and there feloniously did put, and then and there, in the presence and against the will of him the said John W. Jones, one United States treasury note, &c., the goods and chattels and personal property of him the said John W. Jones, then and there being found, feloniously did seize, steal, &c.

The defendants demurred to this indictment, and their principal ground of objection alleged that the indictment first charged that defendants made an assault on one J. W. Jones, and then charged that they feloniously put in fear and robbed one John W. Jones of certain treasury notes, &c., without any averment or other thing to show that the said J. W. Jones and John W. Jones were the same person.

The court sustained the demurrer, and the State excepted, and appealed to this court.

It is unquestionably a rule in criminal pleading that names should be set forth with certainty; names are the *indicia* by which persons are distinguished, and a mistake in setting them out with accuracy, or omitting them entirely, will necessarily be fatal. But here the pleader sets out the name as J. W. Jones, and refers to him three times in the short count as the said John W. Jones, showing the connection and identifying the individual as being one and the same person. The indictment, therefore, was certain to a certain intent, and we think good. Had the initials been used throughout the indictment the case would have been different. An indictment will not be held defective or insufficient if enough remains to constitute it good after striking out the objectionable parts. If the name of J. W. Jones had been stricken out, there would still have been left a valid and substantial indictment. It might, therefore, have been regarded as surplusage, and as such have been disregarded.

The judgment will be reversed and the cause remanded. The other judges concur.

