## THE STATE v. NATIONS, *Appellant.*

1. **Selling Liquor on Sunday.** The statute against selling liquor on Sunday, (Wag. Stat., p. 504, § 35,) prohibits the sale of "any fermented *or* distilled liquor." An indictment charged defendant with selling "fermented *and* distilled liquor." *Held,* that this was no defect. The object of the statute is to prevent the sale of liquor on Sunday, whether the liquor be fermented or distilled or a mixture of both.

2. **Criminal Statutes:** DISJUNCTIVE: CONJUNCTIVE. When a statute uses the disjunctive in enumerating offenses, it is competent in an indictment to aver their commission conjunctively.

3. **Pleading, Criminal:** SURPLUSAGE IN INDICTMENT. An indictment will not be held defective, if, after striking out the objectionable and immaterial portions as surplusage, enough still remains to constitute a valid and substantial indictment.

*Appeal from Bollinger Circuit Court.*—HON. J. B. ROBINSON, Judge.

AFFIRMED.

Indictment for selling liquor on Sunday.

*Nalle & Smith* for appellant.

*D. H. McIntyre,* Attorney General, for the State.

### I.

SHERWOOD, C. J.—The indictment drawn under section 35, 1 Wagner's Statutes, 504, is sufficient, since it pursues the language of the section under which it is drawn. The fact that it charges the sale of "certain fermented *and* dis-

tilled liquors, to-wit: one glass of whisky," does not viti-
ate the indictment.   The violation of the statute is accom-
plished whenever a sale occurs on Sunday of either "fer-
mented" *or* "distilled" liquors.  But it is none the less
a violation of the statute if the liquor sold is both fer-
mented and distilled.  The gravamen of the offense consists
in the sale of liquor on Sunday, whether that liquor be dis-
tilled or fermented, or whether it be a liquor composed of
a union of each of those kinds.   It would be going a great
way to hold that a man could go scott-free merely because
the liquor he sold on Sunday was not, strictly speaking, an
entirely pure article of either of the kinds whose sale is
prohibited.

Besides, when the statute uses the disjunctive in enu-
merating offenses, it is competent to aver their commission
conjunctively.   *State v. Fancher*, 71 Mo. 460.

Moreover, an indictment will not be held defective, if,
after striking out the objectionable and immaterial portions
thereof as surplusage, enough still remains to constitute a
valid and substantial indictment.   *State v. Wall*, 39 Mo. 532.

## II.

The motion for new trial, the instructions given and
refused, are not incorporated in the bill of exceptions; con-
sequently we are precluded from passing upon any whether
occurring at the trial, or in relation thereto.   Finding no
error in the record proper, we affirm the judgment.   All
concur.