STATE OF MISSOURI, Respondent, v. HERMAN FREEZE,
Appellant.

St. Louis Court of Appeals, April 10, 1888.

1. CRIMINAL LAW— PRACTICE— OBJECTION TO GRAND JURY.—An·
objection that the empaneling of the grand jury was not in con-
formity with statutory directions cannot be presented by a plea in·
abatement.

2. ———— INDICTMENT, HOW PRESENTED.—A record entry that the·
indictment was presented in open court and ordered filed suffi-
ciently shows a lawful presentment, without a statement that it.
was made by the foreman of the grand jury.

3. ———— CONSTRUCTION OF STATUTE.—Where a criminal statute·
forbids several things in the alternative, it is to be construed as
creating but one offence ; and the indictment may charge the·
defendant with the commission of all the forbidden acts in a con-
junctive form, when the statute uses the disjunctive "or"
between them ; the several acts being only different modes of com-·
mitting the same offence.

APPEAL from the Cape Girardeau Circuit Court,
HON. H. C. O'BRYAN, Judge.

*Affirmed.*

WILSON CRAMER and MAURICE CRAMER, for the·
appellant: The county of Cape Girardeau is entitled
to but two grand juries in each year, and it appearing
from the record that there had been a grand jury quali-
fied and empaneled at the January and May terms of
the circuit court of said county, the grand jury sum-
moned and returned to the August term of said court
had no legal existence and their acts were absolutely
void and of no effect. Rev. Stat. 1879, secs. 1154, 1174 ;
*State v. Green*, 87 Mo. 583 ; *State v. DeBar*, 58 Mo. 395.
The word year will always be intended to mean a calen-
dar year, except when applied to revenue matters the·

presumption will be in favor of its referring to, a fiscal year. *Glasgow v. Rowse*, 43 Mo. 479. The record does not show that the indictment was presented according to law, or that it was presented at all, and it is, therefore, void. Rev. Stat. 1879, sec. 1797. The indictment charges several distinct and independent offences in one count, and is, therefore, bad. *State v. Bach*, 25 Mo. App. 554 ; *State v. Clevenger*, 20 Mo. App. 628.

J. A. SNIDER, for the respondent: An objection that no order was made by the court to the sheriff directing him to summon a grand jury for any term of court, is a challenge to the array. *State v. Bleekley*, 18 Mo. 429 ; *State v. Connell*, 49 Mo. 282 ; *State v. Dagmond*, 55 Mo. 87. And a challenge to the array is only permitted, for the causes mentioned in the statute. Rev. Stat. 1879, secs. 1772, 1773 ; *State v. Welch*, 33 Mo. 33. The record shows that the grand jury that presented this indictment was summoned by the sheriff and properly empaneled, sworn, and charged by the court before entering upon a discharge of its duties, and defendant's rights were not prejudiced thereby. *State v. Knight*, 61 Mo. 373 ; *State v. Hart*, 66 Mo. 208. The indictment follows the language of the statute upon which it is bottomed, and that is sufficient. Laws 1883, p. 88, sec. 5 ; *State v. Watson*, 65 Mo. 115 ; *State v. Emerich*, 87 Mo. 110 ; *State v. Madden*, 81 Mo. 421 ; *State v. Brigard*, 76 Mo. 322. Where a statute forbids several things, or creates several offences in the alternative which are not repugnant in their nature or penalty, it is treated in pleadings as but one offence, and they may be all united conjunctively in one count, and the count is sustained by proof of one of the offences charged. *State v. Murphy*, 47 Mo. 276 ; *State v. Fitzsimmons*, 30 Mo. 237 ; *State v. Flint*, 62 Mo. 394 ; *State v. Fancher*, 71 Mo. 461 ; 1 Bish. Crim. Proc., secs. 191, 193 ; *State v. Nations*, 75 Mo. 53 ; *State v. Klein*, 78 Mo. 627 ; *State v. McAdoo*, 80 Mo. 216 ; *State v. Brigard*, 76 Mo. 322 ; *State v. Pittman*, 76 Mo. 56. Keeping open a dramshop and selling and giving away

liquor on Sunday are so closely connected that they constitute but one transaction, hence but one offence. *State v. Murphy*, 47 Mo. 267.

PEERS, J., delivered the opinion of the court.

The defendant was tried and convicted in the circuit court of Cape Girardeau county on the following indictment:

| "State of Missouri, | |
|---|---|
| against | Selling liquor on Sunday. |
| "Herman Freeze, | |

"The grand jurors of the state of Missouri, duly empaneled, sworn, and charged, to inquire within and for the county of Cape Girardeau, and state aforesaid, upon their oaths aforesaid, present and charge, that Herman Freeze, at said county and state, on or about the seventh day of August, 1887, then and there a dram-shop keeper, and having a license to keep a dramshop, did keep open such dramshop, and sell and give away, and suffer to be sold and given away, upon and about his premises, intoxicating liquors, to-wit: one glass of whiskey, and one glass of beer, on the first day of the week, commonly called Sunday, contrary to the form of the statutes, and against the peace and dignity of the state.

"J. A. SNIDER, Pros. Atty."

To this indictment defendant filed his plea in abatement, alleging that he ought not to be held in said indictment, "because the same is illegal and void, having been found and presented at the August term, 1887, of the circuit court, the same being the third regular term of said court in said county."

By section 1154, Revised Statutes, three terms of said court are required to be held in said county each year, said terms beginning on the first Monday in January, the first Monday in May, and the fourth Monday in August, but, "there shall be but two grand juries unless otherwise ordered by the court." Rev. Stat., sec. 1174.

At the regular terms of said court, in January and

May, 1887, there was summoned and empaneled a grand jury in due course of law, but the grand jury by which this indictment was found was summoned by the sheriff for the August term, without any order or notice from the judge. The defendant insists that said grand jury, so empaneled and sworn at said August term, had no legal existence or authority, and had no power to make presentments, and that this indictment was not presented to the court by the foreman of the grand jury as required by law. The trial court overruled the plea in abatement, which action is here assigned as error.

Defendant then filed a motion to quash on the ground that the indictment is defective and insufficient in this, that it charges several separate and distinct offences in the same count. The court also overruled this motion, which action is assigned as error.

Defendant then waived arraignment and entered a plea of not guilty, was tried by a jury, found guilty, and appeals to this court.

The objection that no order was made by the court to the sheriff directing him to summon a grand jury, is not well taken. A plea in abatement is not the proper mode of raising objections to grand jurors. *State v. Drogmond*, 55 Mo. 89. Objections to jurors must be made before they are sworn. *State v. Connell*, 49 Mo. 282. The objection raised by this plea is to the array, that is, to the panel; such objection cannot be presented by a plea in abatement. Rev. Stat., secs. 1772, 1773; *State v. Bleekley*, 18 Mo. 428; *State v. Welch*, 33 Mo. 33.

The other point, *i. e.*, that the indictment was not presented to the court by the foreman of the grand jury, is not tenable for the reason that the record before us shows the indictment to have been presented in open court and ordered filed; this, we think, is sufficient. *State v. Hogen*, 31 Mo. 342.

We do not think the indictment is defective or insufficient. Where a criminal statute forbids several things in the alternative it is to be construed as creating

but one offence ; and an indictment may charge the defendant with the commission of all the acts, using the conjunction *and*, where the statute uses the disjunctive *or*. *State v. Fancher*, 71 Mo. 460 ; 1 Bishop Crim. Proc., sec. 191. In *Stevens v. Commonwealth*, 6 Metc. (Mass.) 241, where the statute prescribed the punishment of "every. person who shall buy, receive, or aid in the concealment of any stolen goods, knowing the same to have been stolen," it was held that there was but one offence mentioned by the statute, although that offence might be committed in one of three modes : by buying, receiving, or aiding in the concealment of stolen goods. So, in the case at bar, the statute ( Rev. Stat., sec. 5456 ) under consideration provides for the punishment of but one offence, though at the same time recognizing the language employed, that the offence might be perpetrated by keeping the dramshop open on Sunday, or by selling, giving away, or otherwise disposing of, etc., on the first day of the week. *State v. Fancher*, *supra*.

The authorities cited by defendant in cases of *State v. Clevenger*, 20 Mo. App. 627, and *State v. Bach*, 25 Mo. App. 554, are not applicable to the case before us. In the latter case, the court held under the information, that the substance, at least, of some of the loud, offensive, and indecent conversation complained of, ought to have been set out. In the former, that the words "or give away" might very well be treated as "surplusage" and stricken out of the information. As far as either of these cases admit of the construction that a count which charges the defendant with the commission of several acts, constituting but one offence, is bad, because it does not charge the several acts as distinct offences, in separate counts, they are clearly in conflict with the decisions of the Supreme Court in *State v. Fancher*, *supra*, and *State v. Nations*, 75 Mo. 53.

We see no error in giving and refusing instructions. The law of the case was properly declared, and the judgment of the lower court will, with the concurrence of the other judges, be affirmed.