THE STATE OF MISSOURI, Respondent, v. LEONARD WEESE, Appellant.

Kansas City Court of Appeals, November 23, 1896.

Indictment: PUBLIC ROAD: VARIANCE. An indictment for obstructing a public road described it as a certain public road running between sections 5 and 8, township, etc., by fencing, etc., where said road runs along the south side of the southwest quarter of section 8, etc. The proof showed that the road and the obstruction were along the north side of said quarter section. *Held*, that under the statute of jeofails the variance was not fatal to a conviction and the objectionable words were merely surplusage.

*Appeal from the Worth Circuit Court.*—HON. PARIS C. STEPP, Judge.

AFFIRMED.

*Lingenfelter & Hudson* for appellant.

The defendant's motion to quash the indictment and his motion in arrest of judgment should have been sustained because there is a fatal variance

between the allegations in the indictment and the evidence. The evidence on the part of the plaintiff tended to show that if there was an obstruction at all of a public road, it was between sections 5 and 8, township 66, range 32, while the indictment charged the obstruction to have been on the south side of the southwest quarter of section 8 in said township and range. The court will take judicial notice that section 8 is south of section 5. *Campbell v. Wood,* 116 Mo. 196.

*L. M. Phipps* and *Kelso & Schooler* for respondent.

The court did not err in overruling the motion to quash the indictment, nor in refusing to sustain his motion in arrest. Both the motion to quash and in arrest was addressed to the same thing; that is, that the indictment failed to charge any offense known to the law, and that it was repugnant and contradictory. R. S. 1889, sec. 4115. The objectionable words might be stricken out as surplusage, and enough still remain to constitute a valid and substantial indictment. R. S. 1889, sec. 4115; *State v. Wall,* 39 Mo. 532–534; *State v. Nations,* 75 Mo. 53, 54; *State v. Meyers,* 99 Mo. 107–114; *State v. Chamberlain,* 89 Mo. 129. Where the contradiction or repugnancy is inconsistent with any preceding averment, it may be rejected as superfluous. *State v. Flint,* 62 Mo. 393–399; R. S. 1889, sec. 4114; *State v. Barker,* 64 Mo. 282, 286; *State v. Wammack,* 70 Mo. 410, 411; *State v. Smith,* 80 Mo. 516, 520; *State v. Heinz,* 45 Mo. App. 403, 412; *State v. Kellar,* 53 Mo. App. 32, 34.

GILL, J.—The defendant was indicted for obstructing "a certain public road running between sections 5 and 8, in township number 66, of range number 32 (Worth county, state of Missouri), and known as the Al Black road, by fencing and building a fence of

posts and wire across and upon the right of way of said road, at a point and where said road runs along the south side of the southwest quarter of section number 8, in the aforesaid township and range and county." Defendant was, on trial by jury, found guilty and fined $5, from which he appealed to this court.

The point mainly relied on for reversal is an alleged variance between the allegation of the indictment and the evidence as to the place where the road was obstructed. Defendant's farm consists of one hundred and twenty acres, eighty of which are described as the south half of the southwest quarter of section 5, and forty acres immediately south of said eighty, and described as the northwest quarter of the northwest quarter of section 8, all in township 66, range 32. The public road in question runs east and west between this eighty in section 5, and the forty in section 8; in other words, the road runs along the north line of the northwest quarter of section 8, and which is also the south line of the southwest quarter of section 5. And it was this portion of the public road—running between said sections 5 and 8—which the defendant, as the evidence shows, obstructed by erecting across the same a wire fence and gates.

The indictment, now, in so far as it describes the road obstructed as "a certain public road running between sections 5 and 8, township 66, in range 32, and known as the Al Black road," is clear and sufficient, and fully corresponds with the evidence; but because this description is followed by the contradictory words, "where said road runs along the south side of the southwest quarter of section 8," it is said to locate the *locus in quo* a half mile south of road shown in evidence, and produce such a variance between the *allegata* and *probata* as to prove fatal to the prosecution.

We think these repugnant words, added to the

true description of the road obstructed, should not have the effect insisted on. The statute provides: "Whenever on the trial of any felony or misdemeanor, there shall appear to be any variance between the statement in the indictment or information and the evidence offered in proof thereof * * * in the name or description of any matter or thing whatsoever therein named or described * * * such variance shall not be deemed grounds for an acquittal of the defendant, unless the court before which the trial shall be had shall find that such variance is material to the merits of the case and prejudicial to the defense of the defendant." Sec. 4114, also sec. 4115, R. S. 1889. The trial court evidently thought the defendant was not prejudiced by the faulty clause which followed the correct description of the road obstructed, and the decision was clearly right. The objectionable words may well be rejected as repugnant and superfluous, and there yet remains sufficient to charge an offense. *State v. Wall*, 39 Mo. 532.

Other objections have been examined, and as we find no merit in any of them the judgment will be affirmed. All concur.