State v. Nitch.

STATE OF MISSOURI, Respondent, v. WENZEL NITCH, Appellant.

St. Louis Court of Appeals, February 21, 1899.

1. **Information:** KINDRED OFFENSES. In the case at bar, the offenses charged being kindred, congruous in nature, punishable by the same penalty, may be joined in the same indictment, if separately stated in different counts.

2. **Practice, Trial:** GENERAL VERDICT. The verdict, which was a general one, had the effect to acquit the defendant on one count and to convict him on the other; the defendant was entitled to know of which count he was found guilty, and of which count he was, found not guilty; and the verdict is not responsive to the whole case, but is responsive to the instruction of the court which is held erroneous.

*Appeal from the Cape Girardeau Circuit Court.*—HON. HENRY C. RILEY, Judge.

REVERSED AND REMANDED.

W. H. MILLER and JOHN A. HOPE for respondent.

No repugnancy existing, the offenses being kindred in nature, and violating the same section of the statute, the

motion to quash was properly overruled, whether the information be regarded as containing one or two counts. State v. Fletcher, 18 Mo. 426; State v. Meyers, 20 Mo. 410. Treating the information as charging two different offenses, yet since they are of the same nature, and the punishment, which is provided for in section 3623, being the same for each offense, there was no misjoinder, and the general verdict should be upheld. State v. McCue, 39 Mo. 112; State v. Noland, 111 Mo. 473, and authorities therein cited and reviewed; 3 Wharton's Crim. Law, sec. 3177.

WILSON CRAMER for appellant.

The information charges in the same count two separate and distinct offenses, a violation of section 3592, and of section 3593, is therefore bad. Defendant's motion to quash on account of misjoinder should have been sustained. State v. Green, 24 Mo. App. 227; State v. Healy 50 Mo. App. 244. There being two separate and distinct offenses charged in the information, a general verdict was improper. State v. Bedell, 35 Mo. App. 551, 552; State v. Brown, 66 Mo. App. 280, 283; State v. Jackson, 72 Mo. App. 59, 60.

BLAND, P. J.—This is an appeal from a conviction for misdemeanor on the following information:

"T. D. Hines, prosecuting attorney, etc., informs A. H. Grant, a justice of the peace, etc., that Vince Nitch, the defendant in the above entitled cause, at the county and state aforesaid, on or about the 1st day of December, 1896, and at divers times and on divers days between said 1st day of December, 1896, and the 27th day of March, 1897, unlawfully, willfully and maliciously did break, injure and destroy the walls of a certain building, to wit, a limekiln, the property of Isiah H. Poe, and situated on the land of Isiah H. Poe, in which said Vince Nitch had no interest, by then and there tearing and severing from the walls of said limekiln, the said limekiln

being a part of the said freehold of the said Isiah H. Poe, the stones and bricks of which said walls were made, and by taking, carrying away and converting to his own use said stones and bricks. And that said Vince Nitch, at the county and state aforesaid, on or about the first day of December, 1896, and at divers times and on divers days between said 1st day of December, 1896, and the 27th day of March, 1897, unlawfully, willfully and maliciously did cut down, destroy, take and carry away and sever from the said freehold of the said Isiah H. Poe, certain trees, to wit, one black oak tree, one sycamore tree and other timber then and there being, standing and growing on the land of Isiah H. Poe, without the ' consent of said Isiah Poe, the owner thereof, and being on land not his, said Vince Nitch's, own, and not the property of the United States, and in which said Vince Nitch, had no interest, against the peace and dignity of the State."

Defendant moved to quash the information on two grounds; first, that it stated two distinct offenses, one under section 3592, and one under section 3593 of the Revised Statutes 1889; and second, because two separate and distinct offenses are charged in one count. The motion was overruled. The court gave the following instruction: "The jury are further instructed that by the information upon which the defendant is being tried he is charged with two separate and distinct offenses. If you believe from the evidence that defendant is guilty of either offense named in the information, you may find him guilty of either, as you may believe the evidence warrants, but you can not convict him of both." The jury returned the following verdict: "We, the jury, find the defendant guilty and do assess his punishment by a fine of one dollar."

1. The first count is bottomed on section 3592, as it designates the limekiln as a building. The second count is for cutting down and removing trees from the land of another, and is therefore bottomed on section 3593. Each count, as

to the description of the offense, is complete in itself, and states an offense distinct from the other. State v. Wagner, 118 Mo. 626; State v. Stacy, 103 Mo. 11. The offenses charged in each count are harmonious; the punishment for each is the same, and but for the fact that they are created by different statutes, might have been joined in the same count, and charged as one offense, and as having been committed both by tearing down the walls of the lime-kiln and by cutting down and removing the trees. State v. Murphy, 47 Mo. 274; State v. Clawson, 30 Mo. App. 139. They are kindred and congruous offenses punishable by the same penalty, and may therefore be joined in the same indictment, if separately stated in different counts. 1 Bishop on Crim. Prac., sec. 446.

2. The verdict was a general one. It had the effect to acquit the defendant on one count and to convict him on the other, but whether he stands convicted on the first and acquitted on the second, or whether he stands convicted on the second and acquitted on the first, must forever remain a mystery, if the verdict is allowed to stand. The court should not have received such a verdict; the defendant was entitled to know of which count he was found guilty, and of which he was found not guilty. The verdict is not responsive to the whole case, but is responsive to the instruction of the court, which is erroneous. The court should have instructed the jury to find a verdict on both counts of the indictment. State v. Harmon, 106 Mo. loc. cit. 657. For this error the judgment is reversed and the cause remanded. Judge Biggs concurs in the result. All concur.