STATE OF MISSOURI, Respondent, v. FOSTER
BEARDEN, Appellant.

**St. Louis Court of Appeals, April 15, 1902.**

1. **Criminal Law: SELLING LIQUOR ON SUNDAY.** In a prose-
cution for selling liquor on Sunday it is not necessary to prove
that the sale was made in pursuance of the regular business of
the seller (State v. Ambs, 20 Mo. 214, and State v. Heckler, 81
Mo. 417, distinguished).

2. ———: ———. Prosecuting one's regular business on Sunday and
selling liquor on Sunday are distinct offenses under the existing
statutes of Missouri.

3. ———: VERIFICATION OF INFORMATION: MOTION IN
ARREST OF JUDGMENT: PRACTICE, TRIAL. Touching the
right to inquire into the proper verification of an information on
motion in arrest the court follows State v. Patton, 94 Mo. App. 32.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

*L. D. Grove* and *R. H. Stanley* for appellant.

AFFIRMED.

(1) Since the case of the State v. Crabtree, 27 Mo.
232, it has been understood that the design of this statute (R.
S. 1899, sec. 2243) was to prohibit the continuation of busi-
ness on Sunday that was conducted during the week; cer-
tainly the court in that case said so. (2) The defendant
contends that at the time of the filing of the information the
same was not verified by the oath of prosecuting attorney or
any other person, but that about nine or ten days thereafter
the prosecuting attorney went into the office of the clerk of
the court and wrote thereunder the verification as the same

appears in this transcript, and that the jurat appearing thereto showing "sworn to on May 1, 1901," was not really sworn to until many days after that date, all of which was specifically alleged in motion in arrest of judgment, and proof of the same was offered in support thereof by witnesses in court. The court refused to hear this testimony.

*David W. Hill* for respondent.

(1) Section 2243, Revised Statutes 1899, is leveled against all persons for single sales of liquor and not for keeping open. State v. Heckler, 81 Mo. 417; State v. Kurtz, 64 Mo. App. 123. (2) Parol testimony will not be received in support of a motion in arrest of judgment or to contradict a record. State v. Primm, 61 Mo. 166; Wharton's Criminal Evidence (9 Ed.), sec. 620; Sec. 2690, R. S. 1899; 1 Bishop's New Criminal Procedure, p. 792.

BARCLAY, J.—Defendant was convicted of the misdemeanor of selling distilled liquor on Sunday. He was fined $10 and took an appeal from the judgment.

The proceedings appear to be in all respects regular.

Two assignments of error are made by defendant's counsel on this appeal.

1. Defendant claims that the trial court erred in refusing to declare the law to be that the law was "intended to prevent the continuance of the regular business of the week on Sunday and is not intended as a law against single sales of liquor," unless in continuation of the regular business of defendant during the secular days of the week.

The testimony in the case was simply that defendant for twenty-five cents sold a half-pint of whiskey to H. H. Rhodes, Sunday, April 14, 1901, in Butler county, Missouri. The business of defendant was not disclosed by the evidence. It was not even shown that he had a place of business. On

State v. Bearden.

these facts defendant claims that the foregoing request for an instruction should have been given, relying on State v. Crabtree, 27 Mo. 232, to sustain that claim. That was a prosecution for keeping open a grocery on Sunday and permitting persons to drink intoxicating liquors there. It was held that defendant was entitled to have the jury instructed that the facts in evidence would not constitute the offense charged, unless the acts were done or permitted to evade the law, or to allure customers, or to carry on the usual business of defendant.

But the court in that very case intimate a distinction between it and other cases founded on different provisions of the Sunday law. The decision is entirely in harmony with State v. Ambs, 20 Mo. 214, and State v. Heckler, 81 Mo. 417, in both of which the distinction between the offense of prosecuting one's regular business on Sunday and that of selling intoxicating liquors on that day, is pointed out. The statute itself clearly defines those acts as distinct offenses (R. S. 1899, sec. 2243).

The facts in evidence brought defendant within reach of the penalty prescribed for the selling of distilled liquors on Sunday, and the facts called for in his refused instruction constituted no defense.

We announce along with this judgment a similar ruling in State v. Lucas, 94 Mo. App. (St. L.) 117.

2. Touching the second assignment of error, which relates to the verification of the information, we need only refer to the decision of this court in State v. Patton, announced at the same time as this opinion, 94 Mo. App. (St. L.) 32, for a statement of the reasons which lead us to overrule that assignment.

3. We have scrutinized the record carefully, and finding no error we affirm the judgment. *Bland, P. J.,* and *Goode, J.,* concur.