## STATE OF MISSOURI, Appellant, v. B. D. SCHLEUTER, Respondent.

**Kansas City Court of Appeals, November 28, 1904.**

1. **INDICTMENT: Dramshop Keeper: Open on Sunday: Duplicity.** An indictment under section 3011, Revised Statutes 1899, charging a dramshop keeper with keeping open his dramshop and selling and giving away and suffering to be sold and given away, etc., intoxicating liquors on Sunday, etc., is sufficient and not subject to the objection of duplicity. State v. Ambs, 20 Mo. 214, distinguished.

2. ——: ——: ——: ——. In such indictment it is not necessary to use the word "unlawfully" since the statute does not use it.

Appeal from Cole Circuit Court.—*Hon. James E. Hazell*, Judge.

REVERSED AND REMANDED.

*Edward C. Crow*, Attorney-General, for appellant.

(1) Counsel for appellant contend that this indictment is insufficient, for the reason that it is multifarious and contains different offenses charged in one count. The case of State v. Ambs, 20 Mo. 214, cited by counsel for respondent, was not one based upon the same statute as is the indictment in the case at bar. The act in the case of State v. Ambs, first appeared in R. S. 1825, c. 1, Crimes & Misdemeanors, sec. 92. (2) Although section 3011 makes punishable the doing of one thing and another, specifying a considerable number, yet there is but one offense which may be committed in different ways, and may all be charged in a single count, provided the conjunction "and" is placed in the indictment, instead of the word "or," as used in the statutes. 1 Bishop's New Criminal Procedure, secs. 436, 437, 438, 439, 440 and 586; Com. v. Eaton, 15 Pick.

273; Com. v. Nichols, 10 Allen 199; Com. v. Brown, 14 Gray 419; Stephens v. Com., 16 Metc. 241; Byrne v. State, 12 Wis. 519; Com. v. Lufkin, 7 Allen 579; State v. Bielby, 21 Wis. 204; Oleson v. State, 20 Wis. 38; Com. v. McLaughlin, 12 Cush. 615; Bishop's Criminal Proc. (4 Ed.), 438; State v. Edmonson, 43 Tex. 162; Barnes v. State, 20 Conn. 235; 1 Bishop's Criminal Proc. 438. (3) Alternative offenses—if, as is common in legislation, a statute makes it punishable to do a particular thing specified or another thing or another, one commits but one offense who does any one of the things or any two or more or all of them. Carrico v. State, 11 Mo. 579; Com. v. Loring, 8 Pick. 370; State. v. Layman, 8 Blatchf. 330; State v. Carney, 1 Hawks 53; Com. v. Clapp, 5 Pick. 41; Com. v. Burns, 4 J. J. Mar. 177; Davenport v. Com., 1 Leigh 588; Rex v. Dixon, Russ Nry 53; State v. Murphy, 6 Ala. 845; State v. Hull, 21 Me. 84; Angel v. See, 2 B. A. Cas. 231; State v. Murphy, 6 Ala. 845; Morney v. State, 8 Ala. 328; McElhaney v. State, 24 Ala. 71; Bishop's Statutory Crimes (3 Ed.), sec. 244; Bishop's Statutory Crimes, secs. 244, 701; Bishop's Criminal Procedure, sec. 489-92, 586, 587; U. S. v. Millard, 13 Blatchf. 534; State v. Fancher, 71 Mo. 460. (4) The word "unlawful" is not essential or necessary to the validity of the indictment. Wharton's Criminal Pleading and Practice (8 Ed.), 269; State v. Bray, 1 Mo. 180; State v. McWaters, 10 Mo. 168.

*W. S. Pope* for respondent.

(1) The first contention of the defendant is, that the indictment is bad for multifariousness. Several different offenses are attempted to be charged in one count. The same character of evidence will not convict on any two of the counts. State v. Ambs, 20 Mo. 214; R. S. 1899, sec. 2524. (2) The evidence required to convict defendant of these separate offenses is clearly

of a different character. Different proof would be required to convict under each subdivision of the section under which defendant is indicted (section 3011, R. S. 1899). Defendant should have been charged in separate counts, and a timely motion to quash sustained. 1 Bishop on Crim. Proc., sec. 446; 1 Bishop on Crim. Proc. (3 Ed.), sec. 432; 1 Wharton, Cr. Plead., sec. 255; State v. Apperger, 80 Mo. 173; State v. Ambs, 20 Mo. 214; State v. Fox, 148 Mo. 525; State v. Nitch, 79 Mo. App. 99; State v. Young, 70 Mo. App. 52; R. S. 1899, secs. 2523, 2524, 2525, 2535. (3) The next and most serious objection to the indictment, however, is that it does not charge that the acts complained of were done either willfully or unlawfully. It is true that in the case of State v. Freeze, 30 Mo. App. 347, an indictment in the language of the one at bar, was held good by Judge PEERS, but an inspection of the record in that case will show that the question here raised was not before the court. State v. Brown, 8 Mo. 210; State v. Meagher, 49 Mo. App. 571; State v. Young, 73 Mo. App. 602; State v. Apperger, 80 Mo. 173; State v. Neals, 10 Mo. 498; State v. Larimore, 20 Mo. 426; State v. Runyan, 26 Mo. 168; State v. Andrews, 26 Mo. 170; State v. Hornbeck, 15 Mo. 479; State v. Wishon, 15 Mo. 504; State v. Cox, 29 Mo. 475; State v. Fanning, 38 Mo. 409; State v. Fanning, 38 Mo. 359.

ELLISON, J.—The defendant was indicted, tried and convicted for violating section 3011, Revised Statutes 1899, reading as follows:

"Any person having a license as a dramshop keeper, who shall keep open such dramshop, or shall sell, give away or otherwise dispose of, or suffer the same to be done upon or about his premises, any intoxicating liquors, in any quantity, on the first day of the week, commonly called Sunday, or upon the day of any general election in this State, shall, upon conviction thereof, be punished by a fine not less than fifty

nor more than two hundred dollars, shall forfeit such license, and shall not again be allowed to obtain a license to keep a dramshop for the term of two years next thereafter."

The indictment is in the following words:

"The grand jurors . . . present and charge, that B. D. Schleuter, at said county and State, on or about the 27th day of September, 1903, then and there a dramshop keeper, and having a license to keep a dramshop, did keep open such dramshop, and sell and give away, and suffer to be sold and given away, upon and about his premises, intoxicating liquors, to-wit: one glass of whiskey, and one glass of beer, on the first day of the week, commonly called Sunday, contrary to the form of the statute, and against the peace and dignity of the State."

The indictment was attacked by demurrer for duplicity, which was sustained, which ruling the State assigns as error. The particular objection is that defendant is charged in the same count with the offense of keeping his dramshop open on Sunday, and with selling liquor on that day. Bishop, in his work on criminal procedure (section 436), says:

"A statute often makes punishable the doing of one thing, or another, sometimes thus specifying a considerable number of things. Thus, by proper and ordinary construction, a person who in one transaction does all, violates the statute but once and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore, the indictment, on such a statute, may allege in a single count that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunctive "and" where the statute has "or" and it will not be double and it will be established by proof of any one of them."

So it is a rule of criminal pleading that where several different acts named in a statute are the means whereby one offense may be committed and are set out

in the disjunctive, they may all be charged in one count of an indictment in the conjunctive if they are not repugnant. Thus, in State v. Cameron, 117 Mo. 371, the various modes and artifices mentioned by the statute whereby one is cheated out of his property may be united conjunctively in one count without duplicity. And of the various modes mentioned in the statute as to false pretenses. State v. Fancher, 71 Mo. 460. And so of buying, or receiving, or concealing stolen property. [Stevens v. Commonwealth, 6 Met. 241.] And of selling, or offering to sell, or advertising for sale, lottery tickets. [Commonwealth v. Eaton, 15 Pick. 273.] Cases of such character are cases of one offense which may be committed in a number of ways. They all relate to the same thing and are in no respect repugnant. In such cases there are several modes of committing the cheat; or the false pretense; or disposing of stolen property; or dealing with lottery tickets; any one, or all, the modes being an offense, yet they, not being repugnant, may be charged in the conjunctive. Thus, as stated by Judge BURGESS in State v. Cameron, supra:

"Where a statute in one clause forbids several things or creates several offenses in the alternative, which are not repugnant in their nature or penalty, the clause is treated in pleadings as though it created but one offense; and they may all be united conjunctively in one count, and the count is sustained by proof of one of the offenses charged." Citing, State v. Woodward, 25 Verm. 616; 1 Bishop on Criminal Procedure, sec. 191; Bishop on Criminal Law, secs. 274, 803, 810.

But each of the foregoing cases present offenses of the same class and relate to the same thing. When, however, the acts enumerated disjunctively in the statute are unlike and do not belong to the same class, or embrace the same thing, a more serious question presents itself. If, for instance, the statute in this case had read that, whenever a dramshop keeper kept open his shop, or sold liquors, or played cards, or fought

chickens or dogs, therein on Sunday, he should be deemed guilty of a misdemeanor and punished by fine and forfeiture of license. In such case an indictment which charged all these acts conjunctively in the same count would join acts, which, considered as separate offenses, are not of the same class, are wholly unlike, distinct and out of relation to each other; and ordinarily such an indictment would be bad. Still, if these unlike acts go to make but one offense such indictment is good.

The statute of Massachusetts provided that one who kept a building resorted to for prostitution, lewdness, or illegal gaming, or used for illegal sale and keeping of intoxicating liquors, should be punished, etc. That was an enumeration of acts, not repugnant, yet distinct and unlike, and yet either, or all of them made but one offense, viz: a nuisance; and all might be charged in one count. [Commonwealth v. Ballou, 124 Mass. 26; Commonwealth v. Kimball, 7 Gray 328.]

In the case before us the offense is the conduct of the dramshop keeper in relation to his saloon on Sunday. The statute prescribes what he shall not do on Sunday, and if he does either of the acts prohibited he commits the offense (State v. Nation, 75 Mo. 53), and if he does *all* the acts he still commits but one offense, in either case subjecting himself to the one punishment. It is true that his acts, though committed on the same day, may be so separated and disconnected in fact, as to make him guilty of separate violations and separate offenses; but in such instances it would be necessary to charge him in separate counts, if the prosecutor desires separate convictions as for separate offenses.

So we are satisfied that the fact that the statute has declared it to be an offense to commit any one of distinct acts, of a distinct and separate class, such as keeping open a dramshop on Sunday, and of selling intoxicating liquors on Sunday, ought not to vary the rule that you may charge them all in one count. For,

notwithstanding the several acts charged are distinct and unlike, yet they, separately, or all together, constitute the one offense.

But undoubtedly the case of State v. Ambs, 20 Mo. 214, seems at first blush to be contrary to what we have written. In that case the statute of 1835 (which is section 2243, Revised Statutes 1899) prohibited the keeping open any ale house, or the selling of any liquor on Sunday. The indictment contained two counts: one charged the keeping open of the ale house on Sunday and the other the sale of liquors on Sunday. Ambs pleaded guilty and was fined on each count by the circuit court. On appeal to the Supreme Court he contended that he had committed but one offense. The Supreme Court ruled otherwise and said that each act was a separate offense. But it must be borne in mind that the court was really saying that each act was capable of becoming a separate and entire offense, and so we have said in this case. The court ruled that committing either of the acts was an offense, and such acts being separately pleaded and separately confessed, could be separately punished.

And so we have no doubt that though the whole of the acts enumerated in that statute make one offense, yet, as we have already stated, the commission of all of the acts is not necessary to constitute the offense. Either one of them will be sufficient. And when committed separately and counted upon separately, the offender, under the Ambs case, may be punished separately.

It is contended that the indictment is bad in that it omitted the word, ''unlawfully,'' in charging the offense. It will be noticed that the statute which we have set out, does not use that word in stating or describing the offense with which the defendant is charged. in such instances it is not necessary to use the word, ''unlawfully,'' in the indictment. Wharton's Crim. Plead.

& Prac. sec. 269; State v. Bray, 1 Mo. 180; State v. McWaters, 10 Mo. 168.

The judgment is reversed and cause remanded. All concur.