State v. Merget.

---

STATE OF MISSOURI, Respondent, v. MERGET, Appellant.

St. Louis Court of Appeals, February 4, 1908.

1. **PRACTICE IN CRIMINAL CASES: Indictment: Misdemeanor.** An indictment for a misdemeanor is sufficient if it follows the language of the statute constituting the offense.

3. ————: ————: Selling Liquor on, Sunday: Designating Place. An indictment against a dramshop keeper for selling liquor on Sunday was sufficient without designating the particular location where the saloon was kept or the name of the person to whom the liquor was sold; a conviction under it was warranted notwithstanding the proof showed that the defendant owned two saloons.

Appeal from Jefferson Circuit Court.—*Hon. Jos. J. Williams,* Judge.

AFFIRMED.

*H. B. Irwin* for appellant.

(1)   The judgment should be reversed and the indictment held insufficient for the reason that it did not inform appellant of the place where the liquor was sold nor to whom sold.  State v. Martin, 108 Mo. 117; Sherwood's Com. on Crim. Law, pages 643-649.  (2)   Whatever is to be proved must be alleged.  1 Bishop Crim. Prac., secs. 81, 86, 88, 519, 566; Sherwood's Com. on Crim. Law, 646; State v. Bankhead, 45 Mo. 558; State v. Hogan, 31 Mo. 340.

*Clyde Williams* for respondent.

BLAND, P. J.—At the January, 1906, term of the Jefferson Circuit Court, the grand jury presented the following indictment against defendant (omitting caption and signatures) :

"The grand jurors of the State of Missouri within and for the body of the county of Jefferson now here in court duly empanelled, sworn and charged, upon their oath present that John Merget, at the County of Jefferson, in the State of Missouri, on the thirteenth day of January, 1907, said day being the first day of the week, commonly called Sunday, he the said John Merget being then and there a dramshop keeper and having a license to keep a dramshop, did then and there unlawfully keep open such dramshop, and sell and give away and suffer to be sold and given away upon or about his premises intoxicating liquors, to-wit, one gill of whiskey, one pint of whiskey, one glass of beer and one bottle of beer, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State."

At the March, 1907, term of court, on his plea of not guilty, defendant was tried by a jury and found guilty and his punishment assessed at a fine of $50.  Timely motions for new trial and in arrest of judgment were filed by defendant, both of which were overruled by the

court, whereupon defendant took and perfected his appeal to this court. The only error assigned is the refusal of the court to sustain the motion in arrest of judgment. The grounds assigned in said motion for arrest of judgment are as follows:

"Because under the indictment and the evidence no judgment ought to be rendered against the defendant.

"Because the indictment does not charge defendant with the commission of an offense against the State.

"Because under all the evidence the finding and judgment should be for the defendant."

Defendant insists that as the evidence shows he was the proprietor of two saloons in the city of DeSoto, in Jefferson county, the indictment is defective in failing to inform him at which of these saloons the liquor was sold on Sunday; also that it is defective in failing to inform him to whom the liquor was sold. The general doctrine is that an indictment should allege every fact essential to constitute the offense charged; every fact that the State must prove to warrant a conviction. On the other hand the general rule is that an indictment for a misdemeanor is sufficient if it follows the language of the Statute constituting the offense. The indictment in this case follows the exact form of indictment for the identical offense, approved in the cases of State v. Freeze, 30 Mo. App. 347; State v. Meagher, 49 Mo. App. 571; State v. Schlueter, 110 Mo. App. 7, 83 S. W. 1012. See also State v. Crabtree, 27 Mo. 232; State v. Roehm, 61 Mo. 82; State v. Braun, 83 Mo. 480. Proof that defendant kept his dramshop open on Sunday, at any place in the county of Jefferson, was sufficient to warrant his conviction, and it was not necessary to designate the particular location of the saloon kept open, irrespective of the number of saloons he may have owned and conducted in the county. State v. Kurtz, 64 Mo. App. 123. In support of his contention, that the name of the person to whom the liquor was sold should have been stated in the indict-

ment, defendant cites the case of State v. Martin, 108
Mo. 117, 18 S. W. 1005. Martin was indicted under
the druggists act for selling intoxicating liquor without
a prescription from a physician. The name of the person
to whom the sale was made was not stated in the indict-
ment. The court, through THOMAS, J., at page 119, said:
"When a druggist is indicted for the violation of this
statute, he must rest his defense, if he has any, upon a
prescription or prescriptions issued by a regular regis-
tered physician of the state. If the purchaser of the
liquor is not named in the indictment how can such a de-
fense be made available to the accused?" Further on in
the opinion, the learned judge said: "It is the well-set-
tled law in this state that an indictment for selling liquor
without a license as a dramshop keeper need not give
the name of the purchaser. [State v. Ladd, 15 Mo. 275;
State v. Spain, 29 Mo. 415; State v. Jacques, 68 Mo.
260.]" See also State v. Meagher; State v. Schleuter,
supra, and State v. Heibel, 116 Mo. App. 43, 90 S. W.
758.

The assignments of error according to the foregoing
authorities are without merit, wherefore the judgment is
affirmed. All concur.