STATE OF MISSOURI, Respondent, v. CHARLES JABLOUSKY, Jr., Appellant.

St. Louis Court of Appeals.    Argued and Submitted November 13, 1912.    Opinion Filed December 14, 1912.

1. FENCES: Malicious Destruction: Removal Under Claim of Right: Crimes and Punishments. Where defendant's father had secured an injunction against the prosecuting witness from maintaining a fence which obstructed ingress and egress to a passageway, defendant's act in destroying the fence, under the direction of his father, who claimed a right to remove it, was not wanton nor done with evil intent, and hence was not a violation of section 4598, Revised Statutes 1909, making it an offense to willfully and maliciously destroy a fence.

2. ———: ———: ———: ———: Evidence. In a prosecution under section 4598, Revised Statutes 1909, for willfully and maliciously destroying a fence, evidence that the prosecuting witness had been enjoined from maintaining the fence destroyed, in a suit brought by defendant's father, on the ground it wrongfully obstructed ingress and egress to a passageway, was admissible, as bearing upon the defense that defendant's act was not done wantonly or with evil intent but under a claim of right.

3. **APPELLATE PRACTICE: Crimes and Punishments: Considering Evidence Erroneously Rejected.** Where, on appeal from a judgment of conviction in a criminal prosecution, evidence offered by defendant and erroneously excluded by the trial court is preserved in the record, the appellate court will determine the case in precisely the same way as though such evidence had been admitted, and if such evidence would have been sufficient, if admitted, to establish that no offense was committed, the judgment will be reversed and defendant discharged. •

4. **FENCES: Malicious Destruction: Indictments and Informations: Joinder of Offenses in one Count.** An information, combining in one count the separate offenses denounced by section 4598, R. S. 1909, of severing from a fence material of which it was formed, and of willfully and maliciously destroying the fence, is fatally defective, since, while several offenses of like degree may be combined in the same information, they cannot' be properly joined in one count.

5. **CRIMES AND PUNISHMENTS: Costs: Liability of Prosecuting Witness.** Under the express provision of section 5063, Revised Statutes 1909, a private person, making an affidavit on which an information is based, is designated as the prosecuting witness, and, in case the prosecution fails, is liable for the costs in the case not otherwise adjudged by the court.

Appeal from St. Louis Court of Criminal Correction.—
*Hon. V. H. Falkenhainer,* Judge.

REVERSED AND REMANDED (*with directions*).

*August Walz, Jr.,* and *W. G. Carpenter* for appellant.

The statute was not intended to be invoked to settle disputed questions of boundary between coterminus landowners, and it is scarcely necessary to say

that it was not intended to punish a man for making an honest mistake in regard to his own legal rights. State v. Zinn, 26 Mo. App. 18. Even if the defendant were acting upon a mistaken view of his rights he could not be guilty. State v. Newkirk, 49 Mo. 84; State v. Underwood, 37 Mo. 225; State v. Howell, 34 Mo. App. 86.

*Howard Sidener*, Prosecuting Attorney, for respondent.

REYNOLDS, P. J.—The information in this case purports to be based upon section 4598, R. S. 1909. It charges that defendant and one Walz did, willfully, unlawfully and maliciously and on a day named, ''sever from the fence, inclosing and separating the realty and property of Bernhard Wussler from adjacent property, material of which said fence was formed and did willfully, unlawfully and maliciously pull down, injure and destroy a fence and part thereof inclosing as aforesaid the land of Bernhard Wussler and separating the same from adjacent property, said fence and the property on which it was erected being that of said Bernhard Wussler, in which said August Walz and Charles Jablousky then and there had no interest, contrary to the form of the statute,'' etc. On a trial before the court, a jury having been waived, defendant Jablousky was convicted and defendant Walz acquitted. A fine of ten dollars was imposed against Jablousky, from which, after filing motions for a new trial and in arrest, he has duly perfected appeal to this court.

We are of the opinion that this conviction cannot stand for two reasons. First, the structure which was torn down had been placed opposite a gate which was in the fence between the property of appellant's father and that of the prosecuting witness. It is doubtful whether it was a fence or a part of one. There was a

dispute between appellant's father and this prosecuting witness as to the right of ingress and egress through the gate for access to a granitoid walk leading along the premises of the prosecuting witness from Salisbury street to an alley south of it. This obstruction barred entrance or egress through the gate. That dispute was being tried out in the circuit court, in which court an injunction had been issued on the application of the senior Jablousky to prevent the prosecuting witness Wussler from maintaining this obstruction. Whatever appellant did in connection with the removal of the obstruction—and as to whether he did anything the testimony is very vague—was under the direction of his father, who claimed a right to remove this obstruction. Therefore, the acts of appellant cannot be said to have been done either wantonly or with evil intent but under a claim of right. That being true, no violation of the statute has been committed. It is true that the trial court shut out all of the evidence offered with reference to the pendency of this civil action in the circuit court, but the proposed evidence is all before us, and as we hold that that action of the court in excluding the testimony was incorrect, we have examined that testimony ourselves, as if in the case, and have reached the conclusion as above. For that reason the judgment of the court of criminal correction must be reversed.

Another reason leads to this conclusion. Section 4598 of the statutes above referred to combines three or more offenses. One is to "willfully and maliciously break, destroy, or injure the door or window of any dwelling," etc.; another is, "or sever therefrom or from the gate, fence or inclosure, or any part thereof, any material of which it is formed." A third offense is, "or sever from the freehold any produce or thing attached thereto," and the fourth is, "or pull down, injure or destroy any gate, post, railing or fence, or

169 Mo. App.—16

any part thereof;'' and fifth, ''or throw down or open any gate, bars or fence, and leave the same down or open, being the property of another, or of any railroad company, or inclosing the land of another, in which such person has no interest.'' It will be observed that the information in this case combines two of these offenses, first, severing from the fence inclosing and separating the realty and property of Wussler from adjoining property material of which the fence was formed. That is an offense in itself. Second, that defendants willfully, unlawfully and maliciously did pull down, injure and destroy a fence, etc. These are two separate and distinct offenses, and while several offenses of like degree may be combined in the same information (State v. Nitch, 79 Mo. App. 99), they cannot properly be combined in one count. In attempting to do this, the information is fatally defective.

For the reason first above stated, however, namely, that what this defendant is charged with having done was done under direction of his father, the latter acting under a claim of right, which right was at the time being determined, and so far as the case had then gone, had been determined in his favor, in the circuit court, the judgment must be reversed.

Under the provisions of section 5063, R. S. 1909, when an information is based on an affidavit of a private person, the affiant is designated as the prosecuting witness and is deemed the prosecutor, and in case the prosecution shall fail from any cause, such prosecuting witness or prosecutor shall be liable for the costs in the case not otherwise adjudged by the court. That is the case here, Bernhard Wussler being the prosecuting witness and prosecutor.

The judgment of the St. Louis Court of Criminal Correction is according reversed and the cause remanded with directions to that court to discharge defendant and to tax the costs of this proceeding in that

court as well as in this court against the prosecuting witness, Bernhard Wussler. *Nortoni* and *Caulfield*, *JJ.*, concur.