STATE OF MISSOURI, Respondent, v. ARTHUR BURK, Appellant.

### Kansas City Court of Appeals, May 3, 1915.

**CRIMINAL LAW: Violation of Missouri Pure Food Act: Keeping Usanitary Places for Storage and Sale of Food.** Sec. 2 of the Act approved March 30, 1911, Laws of Mo. 1911, p. 258, is not worded so as to create one general offense of keeping an unsanitary establishment for the storage and sale of food to the public which may be committed in different modes; nor does it forbid several things of the same general nature in the alternative so that it can be treated as dealing with but one offense whereby all of the forbidden things may be charged conjunctively in one count. The statute specifies the various things which it is unlawful to permit to become unclean, and the means to keep these things clean vary according to their nature. A failure to observe one would have no connection with the observance or nonobservance of the other. Consequently, the various offenses contained therein cannot be joined conjunctively in one count, and an information which charges more than one of such offenses is bad and vulnerable to a motion to quash.

Appeal from Adair Circuit Court.—*Hon. C. D. Stewart,* Judge.

REVERSED AND REMANDED.

*A. Doneghy* for appellant.

*Glenn C. Weatherby* for respondent.

TRIMBLE, J.—The appellant was convicted and fined ten dollars under the second count of an information charging him, as the proprietor of an establishment where food is stored, sold and distributed to the public, with violating the provisions of section 2 of the Missouri Pure Food and Drug Act, approved March 30, 1911, and found in Laws of Mo. 1911 at page 258.

It was, and is, the contention of defendant that the statute created separate and distinct offenses and that the second count of the information charged more than one offense. He, therefore, filed a motion to quash on this ground, which was overruled; and thereupon, at the beginning of the trial, he filed a motion to require the State to elect on which cause of action stated in the second count, it would go to trial. This was also overruled, and the points were properly preserved for review.

The State's position is that there is but one offense aimed at by the statute and that is the keeping of an unclean, unhealthy and unsanitary establishment or place where food is manufactured, packed, stored, sold or distributed; and that, under the statute, such offense may be committed in one or more of several modes. If this be true, then the pleader may charge the offense and allege its commission by pleading in the same count one or more or all of the methods of its commission, joining them in the conjunctive.

It may be that one of the purposes of the statute is to prevent the keeping of unclean, unhealthy, unsanitary establishments for the manufacture, storage, sale or distribution of food to the public, but certainly the statute is not so worded as to create but one offense. It reads as follows:

"The floors, sidewalks, ceilings, lockers, closets, furniture, receptacles, implements and machinery of every establishment or place where food is manufactured, packed, stored, sold or distributed and all cars, trucks and vehicles used in the transportation of food products, shall at no time be kept in an unclean, unhealthy or unsanitary condition, and for the purpose of this act, unclean, unhealthful and unsanitary conditions shall be deemed to exist if food in the process of manufacture, preparation, packing, storing, sale, distribution or transportation is not securely protected from flies, dust, dirt and, as far as may be necessary, by all rea-

State v. Burk.

sonable means from all other foreign or injurious contamination; and if the refuse, dirt and waste products subject to decomposition and fermentation, incident to the manufacture, preparation, packing, storing, selling, distributing and transporting of food, are not removed daily; and if all trucks, trays, boxes, baskets, buckets and other receptacles, chutes, platforms, racks, tables, troughs, shelves and all knives, saws, cleavers and other utensils and machinery used in moving, handling, cutting, chopping, mixing, canning and all other processes are not thoroughly cleaned daily; and if the clothing of operatives, employees, clerks or other persons therein employed is unclean.'' It will be noticed that it does not say that whoever shall permit such establishment or the food therein to become in an unclean unhealthy or unsanitary condition by allowing the floors, sidewalks, ceilings etc. to become unclean, or by failing to securely protect the food from flies, dust, dirt, and all other foreign or injurious contamination as far as may be necessary by all reasonable means, or by failing to daily remove the refuse, dirt and waste products subject to decomposition and fermentation, or by failing to thoroughly clean daily the trucks, trays etc., or by failing to keep clean the clothing of persons employed therein, shall be guilty of a misdemeanor. But, as the statute is worded, it is one offense to permit the floors to be kept in an unclean, unhealthy or unsanitary condition; it is another to permit cars, trucks, and vehicles, used in transportation of food products, to be kept in an unclean condition; it is still another offense to fail to securely protect food from flies, dust, dirt etc.; another to omit the daily removal of refuse, dirt and waste products subject to decomposition and fermentation, still another to neglect the daily and thorough cleansing of all receptacles and utensils; and still another to allow the clothing of persons working in such establishment to become and remain unclean.

That the statute creates more than the one general offense of keeping an unclean establishment is seen in the fact that it nowhere says it shall be unlawful to keep such an establishment in an unclean condition, but specifies the various things which it is unlawful to permit to become unclean. And the means to keep these various things clean vary according to their nature. For instance, the food is to be kept so by protecting it from flies, dust, dirt and other foreign contamination, while the floors, ceilings etc. are to be kept clean by the daily removal of the waste products, and the baskets, trays and other receptacles are to be daily and thoroughly cleaned. A prosecution for permitting the floors to get into an unsanitary condition by failing to daily remove the dirt and waste products would be no bar to a prosecution for failing to screen food from flies, or for failing to observe the other mandates of the statute. And a charge that a proprietor of an establishment failed to screen the food would not be supported by proof that he failed to remove the dirt from the floors or failed to clean his utensils. They are matters which are in their very nature separate and distinct; and a failure to observe one would have no connection with the observance or nonobservance of the other. So that it cannot be said that the statute undertakes to punish as for but one offense that which might be committed in different modes. If it were, then that one offense could be charged in one count with the various ways specified in which that offense could be committed. [State v. Fancher, 71 Mo. 460.] Neither does the statute forbid several things in the alternative, so that it can be treated in criminal pleadings as dealing with but one offense whereby all of the things forbidden may be charged conjunctively in one count. It is only when several offenses, which are not repugnant in their nature, are forbidden in the alternative, or set forth in the statute disjunctively, that they can all be united conjunctively in one count, and that count be sustained by

proof of one of the offenses charged. [State v. Cameron, 117 Mo. 371; State v. Schleuter, 110 Mo. App. 7, 1. c. 10.]

The information shows that the pleader who drew it could not find the one distinct offense said to be contained in the statute or that the various acts therein forbidden could be treated as one offense, since the one offense now claimed, namely, the keeping of an unclean establishment, is not alleged therein. Instead of charging that the defendant kept his establishment in an unclean condition, as the single offense the State now contends the statute forbids, the information says that on or about the 11th day of October, 1913, "the defendant, Arthur Burk, was the owner and proprietor of a food producing and distributing establishment situated on East Washington street in the city of Kirksville, Missouri, in a one story, brick building; that as owner and proprietor of said establishment defendant kept there in an ice box in which there was at all said times, food packed and stored for use by the public, and that defendant on or about said date and for divers days prior thereto, at the county of Adair, in the State of Missouri, unlawfully failed to keep said ice box and its contents securely protected from flies, dust and dirt, but on the contrary unlawfully allowed the same to become unclean, unhealthy and unsanitary, and unlawfully allowed the floor of said building in which his said business was kept and maintained as aforesaid to become unclean, unsanitary and unhealthy, and unlawfully failed to daily remove the refuse, dirt and waste products subject to decomposition and fermentation, incident to the manufacture, preparation, packing, storing, selling and distributing of food products, from the floors of said building and from the trucks, trays boxes, baskets, buckets and other receptacles, and the knives, saws and cleavers, used in moving, handling, cutting, chopping, mixing and canning of such food products in said establishment; against the peace and dignity of the State."

It, therefore, did not allege one offense but charged the separate and distinct offenses of failing to securely protect the food in the ice box from flies, dust etc., and of failing to keep the floor clean by daily removing the refuse and dirt and daily cleansing the receptacles and utensils. The motion to quash for misjoinder should have been sustained. [State v. Nitch, 79 Mo. App. 99; State v. Jablousky, 169 Mo. App. 238.]

It is unnecessary to notice the other matters complained of. The cause is reversed and remanded for a new trial. All concur.